J-S14004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY HERRERA | : | |
| | : | |
| Appellant | : | No. 787 MDA 2020 |

Appeal from the Judgment of Sentence Entered April 22, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002335-2012

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 07, 2021**

Jeffrey Herrera appeals from the judgment of sentence imposed after the trial court revoked his probation prior to its commencement. In this Court, counsel has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Based upon this Court's recent decision in ***Commonwealth v. Simmons***, ___ A.3d ___, 2021 PA Super 166, 2021 WL 3641859 (Pa.Super. Aug. 18, 2021) (*en banc*), we deny counsel's application, vacate Appellant's judgment of sentence, and remand for the trial court to reinstate its January 17, 2017 order of probation.

The trial court summarized the history of this case as follows:

[T]he Commonwealth charged Appellant with one count of possession of a controlled substance with intent to deliver, 35 P.S. § 780-113(a)(30). These charges stemmed from a September 15, 2012, incident, wherein Scranton Police responded to an

intoxicated and disorderly male identified as Appellant. Upon arrival, police observed the Appellant visibly under the influence of alcohol and narcotics in the parking lot of McGinty's Bar. Due to Appellant's conduct, the owner of McGinty's Bar requested Appellant be removed from the property. Subsequently, a search incident to an arrest revealed a quantity of crack cocaine, two cellular telephones abnormally ringing, and a quantity of U.S. currency. Officers transported Appellant to headquarters, and an inventory search revealed approximately nine bundles of heroin.

Subsequently, on January 8, 2013, Appellant pled guilty to the criminal information, and this court requested a pre-sentence investigation. Upon completion of a pre-sentence investigation, and thorough consideration as well knowledge of the sentencing guidelines, and [a then-]applicable mandatory minimum, including the facts and circumstances of the underlying offense, this court sentenced Appellant to the mandatory minimum of three years to six years[pf] state incarceration with four years [of] special probation.

Appellant filed a petition for post-conviction collateral relief on September 26, 2016 alleging the imposition of an unconstitutional mandatory minimum sentence. Accordingly, upon consideration of Appellant's petition and an evidentiary hearing held, on January 17, 2017, this court vacated its original sentence as illegal and re-sentenced the Appellant to a standard range sentence on count 1: thirty months to sixty-six months with four years [of] special probation, including boot camp and recidivism risk reduction incentive (RRRI) eligibility.

Subsequently, on November 7, 2019, this court received a Pennsylvania Board of Probation and Parole (PBPP) transmittal letter indicating that Appellant refused to execute or acknowledge his special probation conditions. On November 8, 2019, Appellant again refused to sign or acknowledge any special probation conditions. In response, on December 11, 2019, this court issued a special probation violation detainer citing Appellant's failure to execute his special probation conditions and directed remand to the Lackawanna County Prison. Furthermore, Appellant absconded from a homeless shelter and his parole officer became unable to contact Appellant on December 19, 2020 and December 20, 2020.

On December 20, 2019, the PBPP sent another transmittal letter indicating that Appellant's whereabouts became unknown, requesting the issuance of a warrant. In response, on December 27, 2019, this court issued a warrant listing Appellant as a supervision absconder. The warrant was returned on March 19, 2020 when Appellant was apprehended by the Lackawanna County Sheriff's Department. Thereafter, this court proceeded to a special probation violation hearing pursuant to **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), on April 22, 2020.

Appellant admitted to the violation. This court revoked Appellant's original special probation term and resentenced Appellant to ten months [to] two years [of] state incarceration with four years [of] special probation. Appellant filed a petition for reconsideration of sentence on April 29, 2020 alleging discretionary claims of a harsh and excessive sentence as well a claim regarding the commencement of special probation. Upon thorough consideration, this court denied Appellant's petition on May 7, 2020.

Trial Court Opinion, 1/6/21, at 2-4 (citations, footnotes, and unnecessary capitalization, articles, and repetition of values in numerical form omitted).

Appellant filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.[1]

In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. The following legal principles apply to our consideration of these filings:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious

---

[1] The trial court properly noted that, pursuant to Pa.R.Crim.P. 708(e), Appellant's filing of a post-sentence motion did not toll the time for filing an appeal. **See** Trial Court Opinion, 1/6/21, at 4 n.1. The trial court, however, incorrectly stated that Appellant's notice of appeal was untimely as a result. **Id**. at 4. Appellant's May 22, 2020 notice of appeal was timely filed precisely thirty days after he was sentenced on April 22, 2020.

examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

    **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

    If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).  Our Supreme Court has further expounded upon counsel's duties as follows:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based upon our examination of counsel's application to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.  As required by **Santiago**, counsel set forth the case history, referred to issues that arguably support the appeal,

- 4 -

stated her conclusion that the appeal is frivolous, and cited legal authority which supports that conclusion.[2] **See Anders** brief at 5-20. Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting **Santiago**, **supra** at 354 n.5).

Counsel has identified the following issues of arguable merit, which we have reordered for ease of disposition:

> A. Whether the trial erred when it revoked Appellant's probation before it had commenced.
>
> B. Whether the imposition of 10 months to 2 years [of] incarceration and 4 years [of] special probation following the revocation of Appellant's probation violated the Double Jeopardy Clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment.
>
> C. Whether the sentencing court failed to state on the record the reasons for the sentence imposed on Appellant's **Gagnon** violation as required by 42 Pa.C.S. § 9721(8) and Pa.[R.]Crim.P. 708(d)(2).
>
> D. Whether the sentence imposed on Appellant's technical probation violation is excessive, harsh, arbitrary and contrary to the fundamental norms of sentencing in this commonwealth.

---

[2] While we conclude that Appellant's counsel minimally complied with Santiago's requirements, as discussed *infra*, she did not provide a discussion of all the legal authority pertinent to the issues identified. While we decline to find a lack of compliance in this instance, given our *de novo* standard of review for the issues raised, in future cases, counsel should ensure that all of the information necessary for examination of the issues is included in the **Anders** brief.

E. Whether the sentencing court erred when it failed to hold a *Gagnon II* (actually a *Gagnon I*) hearing as required by 42 Pa.C.S. § 9771, et seq.

*Anders* brief at 4 (cleaned up).

As indicated in the trial court's recitation of the case history, the judgment of sentence from which Appellant has appealed was imposed following the trial court's decision to revoke Appellant's order of probation. Specifically, Appellant was sentenced on January 17, 2017, to thirty to sixty-six months of incarceration, with a consecutive order of probation to follow the term of incarceration. The conduct which served as the basis for the revocation, namely Appellant's refusal to sign an acknowledgment of the conditions of his probation and his failure to check in which his parole officer, were committed during Appellant's parole. Appellant, the Commonwealth, and the trial court all agree that the trial court revoked its January 17, 2017 order of probation before the consecutive probationary term had actually commenced. *See Anders* brief at 12; Commonwealth's brief at 2; Trial Court Opinion, 1/6/21, at 18-19.

Appellant's counsel, the Commonwealth, and the trial court all correctly represent that this anticipatory revocation of Appellant's order of probation was permissible at the time the trial court issued its revocation order under longstanding precedent established by this Court. *See Anders* brief at 12-13; Commonwealth's brief at 8-9; Trial Court Opinion, 1/6/21, at 18-19. Indeed, for more than four decades beginning with this Court decision in

- 6 -

*Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa.Super. 1980), the law of this Commonwealth was that, for revocation purposes, a term of probation included all time from when probation was granted until the probationary term had been fully served. However, in *Simmons*, *supra*, an *en banc* panel of this Court overruled *Wendowski* and its progeny, holding as follows:

> Simply stated, *Wendowsk*i was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." *Wendowski*, 420 A.2d at 630 (quotations omitted). No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" – including the "specified conditions" – do not begin to commence until the prior term ends.

*Simmons*, *supra* at *10. This Court further explained that, pursuant to *Simmons*, a "trial court lack[s] statutory authority to anticipatorily revoke [a defendant's] probation for an alleged 'technical probation violation' that occurred before [his or her] period of probation began." *Commonwealth v. Reavis*, 1360 EDA 2018, 2021 WL 3668883, at *1 (Pa.Super. Aug. 18, 2021) (*en banc*) (non-precedential decision). A sentence imposed without statutory is an illegal sentence. *See*, *e.g.*, *Commonwealth v. Finnecy*, 249 A.3d 903, 912 (Pa. 2021).

Accordingly, the issue identified by counsel concerning the anticipatory revocation of Appellant's probation is not meritless, and an appeal challenging his judgment of sentence on that basis is not frivolous. Ordinarily, our disagreement with counsel concerning the frivolousness of the appeal would result in an order for counsel to file an advocate's brief. **See**, **e.g.**, **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa.Super. 2018) (*en banc*) ("We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them."). However, where, as here, the issue implicates the legality of the sentence imposed, we may raise the issue *sua sponte* and correct the illegality. **See**, **e.g.**, **Commonwealth v. Hankerson**, 118 A.3d 415, 421 (Pa.Super. 2015) (vacating illegal sentence and remanding for resentencing rather than ordering the filing of an advocate's brief).

It is clear from the briefs and the certified record that **Simmons** is directly on point: Appellant's order of probation was revoked because he violated the special probation conditions applicable to the not-yet-commenced probationary tail of his sentence. Yet, pursuant to **Simmons**, Appellant was not required to comply with the conditions of probation while he was on parole before he began serving the consecutive term of probation and such noncompliance does not permit anticipatory revocation of the order of

probation.[3]  Therefore, as was the appellant in **Simmons**, Appellant is entitled to relief in the form of having his current judgment of sentence vacated and the January 17, 2017 order of probation reinstated.[4]  **See Simmons**, **supra** at *13 (vacating the judgment of sentence and remanding with instructions to reinstate the original order of probation).  **See also Reavis**, **supra** (same).

Application to withdraw denied.  Judgment of sentence vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2021

---

[3] The author of this memorandum dissented to this aspect of the **Simmons** decision.  **See Commonwealth v. Simmons**, ____ A.3d ____, 2021 PA Super 166, 2021 WL 3641859 at *19-24 (Pa.Super. Aug. 18, 2021) (*en banc*) (Bowes, J. concurring and dissenting).

[4] Given this disposition, we need not examine the remaining issues of arguable merit identified by counsel.