J-S26023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TERRY ROBERT WILLIAMSON | : | |
| Appellant | : | No. 788 MDA 2020 |

Appeal from the Judgment of Sentence Entered May 1, 2020
In the Court of Common Pleas of Lackawanna County
Criminal Division at CP-35-CR-0000781-2012

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED: SEPTEMBER 17, 2021**

Terry Robert Williamson (Appellant) appeals from the judgment of sentence imposed after the trial court revoked his probation.  In addition, Appellant's counsel (Counsel) has petitioned to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Given this Court's recent decision in ***Commonwealth v. Simmons***, --- A.3d ----, 2021 WL 3641859 (Pa. Super. Aug. 18, 2021) (*en banc*), we vacate Appellant's judgment of sentence, deny Counsel's petition to withdraw, and remand for reinstatement of the prior probation order.[1]

---

[1] This Court recently decided a similar appeal, finding ***Simmons*** "directly on point," denying counsel's request to withdraw, and remanding for the reinstatement of probation.  ***See Commonwealth v. Herrera***, 787 MDA 2020, 2021 WL 4060441 (Pa. Super. Sept. 7, 2021) (unpublished memorandum).

In 2012, Appellant was charged with attempted theft, criminal mischief, drug paraphernalia, and possession of marijuana.[2] Appellant pled guilty and was sentenced to Drug Court. However, on November 25, 2014, Appellant was terminated from Drug Court and resentenced to 4 years of probation. Appellant's probation was subsequently revoked, and on June 14, 2017, he was resentenced to 8 to 24 months of incarceration, followed by 2 years of probation. While incarcerated, Appellant was involved in a fight with other inmates. As a result, the trial court preemptively revoked his 2-year probationary sentence and imposed a sentence of 1 to 2 years of incarceration. Appellant timely appealed.[3]

On June 23, 2021, Counsel filed with this Court a petition to withdraw from representation in which Counsel avers that Appellant's appeal is frivolous. On August 6, 2021, Appellant filed a *pro se* response restating the issues raised in the **Anders** brief. Our review reveals Counsel has complied with the technical requirements of **Anders** and **Santiago**. **See** Petition to Withdraw as Counsel, 6/23/21; **Anders** Brief at 5-19. We thus proceed to determine whether Appellant's claims are frivolous.

Counsel presents the following issues on Appellant's behalf:

> A. WHETHER THE TRIAL COURT ERRED WHEN IT REVOKED [APPELLANT'S] SPECIAL PROBATION BEFORE IT HAD COMMENCED.

---

[2] 18 Pa.C.S.A. § 901(a), 18 Pa.C.S.A. § 3304(a)(2), 35 P.S. § 780-113(a)(32), and 35 P.S. § 780-113(a)(31).

[3] Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

B. WHETHER THE TRIAL COURT FAILED TO STATE ON THE RECORD THE REASONS FOR THE SENTENCE IMPOSED ON [APPELLANT'S] SPECIAL PROBATION VIOLATION AS REQUIRED BY 42 PA. C.S. §9721(B).

C. WHETHER THE SENTENCE ON [APPELLANT'S] VIOLATION IS EXCESSIVE, HARSH, ARBITRARY AND CONTRARY TO THE FUNDAMENTAL NORMS OF SENTENCING IN THIS COMMONWEALTH, ESPECIALLY SINCE HE ALREADY WAS DISCIPLINED FOR THE ASSAULTIVE BEHAVIOR BY THE DOC.

D. WHETHER THE IMPOSITION OF 12 TO 24 MONTHS INCARCERATION FOLLOWING THE REVOCATION OF APPELLANT'S SPECIAL PROBATION VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT AS APPLIED TO THE STATES THROUGH THE FOURTEENTH AMENDMENT.

*Anders* Brief at 4 (reordered for disposition).

Appellant's first claim is that his sentence is illegal because the trial court improperly "revoked [Appellant's] special probation before it started." *Anders* Brief at 7. In particular:

> The Appellant asserts that he never violated the terms of his special probation because the violation occurred while he was still incarcerated prior to the commencement of his term of probation.
>
> Counsel for the Appellant understands that based upon *Commonwealth v. Ware*, 737 A.2d 251 (Pa. Super. 1999) and its progeny, this appeal is frivolous. As noted by the *Ware* Court: "The fact that appellant had not commenced serving probation when the new offense occurred did not prevent the court from revoking its prior order placing appellant on probation." *Ware*, 737 A.2d at 253.
>
> A similar issue was before this Court in *Commonwealth v. Wendowski*, [] 420 A.2d 628 ([Pa. Super.] 1980). The court in *Wendowski* there held that for revocation purposes the term of probation included the time beginning when probation was granted. The Court stated:

> If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not 'change his position from the possession of a privilege to the enjoyment of a right.' **Burns v. United States**, 287 U.S. 216, 222 [] (1932).

[] **Wendowski**, 420 A.2d at 630 (additional citations omitted).

**Anders** Brief at 13-14.

Counsel "correctly represents that this anticipatory revocation of Appellant's order of probation was permissible at the time the trial court issued it revocation order under longstanding precedent established by this Court." **See Herrera**, **supra**, at *3. However, during the pendency of this appeal and after Counsel filed the **Anders** brief, this Court decided **Simmons**. We have held that a "party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." **Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (citations omitted). Accordingly, **Simmons** informs our disposition. We explained:

> **Wendowski** held that a court may anticipatorily revoke an order of probation when the defendant commits a new crime after sentencing, but before the period of probation has begun. As explained above, this holding finds no support in our statutes and is contrary to the plain language of Sections 9721, 9754, and 9771 of the Sentencing Code. Thus, to paraphrase our Supreme Court

- 4 -

in **Dickson**: "[t]hat we have declined, until now, to address [**Wendowski** and its progeny] on this issue, while perhaps regrettable, cannot be used as a brickbat to prevent us from bringing the decisional law of this Commonwealth into line with the plain language of" the statutes. **Dickson**, 918 A.2d at 108. Here, since **Wendowski** and its progeny are contrary to the plain language of the statutes, we follow **Dickson** and decline to apply the discretionary presumption of legislative acquiescence. Moreover, since **Wendowski** and its progeny are contrary to the plain language of the relevant statutes, we overrule **Wendowski** and its progeny.

**Simmons**, 2021 WL 3641859 at *10-12; **see also Herrera**, 2021 WL 4060441 at *4 ("[P]ursuant to **Simmons**, a trial court lacks statutory authority to anticipatorily revoke a defendant's probation . . . before his or her period of probation began.") (citation omitted).

Consistent with **Simmons**, Appellant's first issue is no longer frivolous because the trial court revoked Appellant's probation before it began, and although Counsel complied with the requirements of **Anders**, we are constrained to deny Counsel's petition to withdraw because Appellant's appeal is not frivolous. **See Commonwealth v. Tukhi**, 149 A.3d 881, 889 (Pa. Super. 2016) (denying counsel's petition to withdraw when review of the record reveals non-frivolous issue).

Further, as Appellant is entitled to relief, we vacate the judgment of sentence and remand for reinstatement of the June 14, 2017 order of probation.[4] **See Simmons**, 2021 WL 3641859 at *12; **Herrera**, 2021 WL 4060441 at *4-5.

---

[4] Given our disposition, we need not examine Appellant's remaining issues.

Petition to withdraw denied.  Judgment of sentence vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judge Musmanno joins the memorandum.

Judge Stabile notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2021