J-S10003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DEVIN JAMES HAMPTON :
:
Appellant : No. 1530 MDA 2019

Appeal from the Judgment of Sentence Entered August 23, 2019
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000494-2017

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED: NOVEMBER 12, 2021**

Devin Hampton appeals from his judgment of sentence of 15 months to 30 months' incarceration, which the trial court imposed after anticipatorily revoking Hampton's probation for violating the conditions of his parole. Counsel filed an **Anders**[1] brief and an application to withdraw from representation. Based on this Court's recent *en banc* decision in **Commonwealth v. Simmons**, 2461 EDA 2018, ___ A.3d ___ , 2021 WL 3641859 (Pa. Super. filed August 18, 2021) (*en banc*), we deny counsel's application to withdraw and vacate Hampton's judgment of sentence with instructions to reinstate Hampton's original order of probation. We also remand for resentencing.

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

Hampton pled guilty to aggravated assault and the court sentenced him to ten to 23 months' incarceration, to be followed by 12 months of probation. The sentencing court gave Hampton credit for 320 days served and granted him immediate parole.

Hampton violated his parole by testing positive for drugs and failing to report to his parole officer. At his revocation hearing on August 23, 2019, Hampton admitted to these violations. The notes of testimony from the revocation hearing made it clear that Hampton was still on parole, and therefore not yet serving his probationary term when these violations occurred. *See* N.T. Revocation Hearing, 8/23/19, at 3. Following the hearing, the court revoked Hampton's probation and resentenced him to 15 to 30 months' incarceration. The court did not specifically revoke Hampton's parole in its order.

Hampton filed a timely notice of appeal. His appointed counsel filed an *Anders* brief, stating that there were no non-frivolous issues to appeal, and a corresponding application to withdraw from representation. As a threshold matter, we acknowledge that counsel's brief and application meet the requirements that have been laid out for counsel seeking to withdraw from representation on direct appeal. *See Commonwealth v. Orellana*, 86 A.3d

877, 879-880 (Pa. Super. 2014).[2] After this Court determines that "counsel's [application] and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007)

In her brief, counsel identified two issues that Hampton wished to raise on appeal:

> I.     Whether the Sentencing Court committed an error of law or abused its discretion when it re-sentenced [Hampton] on the probation portion of [his] split sentence when [Hampton] was still on parole?
>
> II.     Whether the sentence imposed upon [Hampton], following the admission of probation violations, constitutes an illegal sentence because the Court sentenced [Hampton] to more incarceration time than initially ordered?

**Anders** Brief at 5.

Counsel concluded in her brief that both of these issues were meritless. As for Hampton's second issue, counsel stated that Hampton's resentencing was well within the statutory maximum for the felony two aggravated assault he had pled guilty to and therefore the court had not sentenced him to an

---

[2] Specifically, counsel seeking to withdraw from representation on direct appeal under **Anders** must file a brief that: 1) provides a summary of the procedural history and facts; 2) refers to anything in the record that counsel believes arguably supports the appeal; 3) sets forth counsel's conclusions that the appeal is frivolous, and the reasons for that conclusion. **See id**. Counsel must also provide a copy of the **Anders** brief to his client, with an accompanying letter that advises the client of his right to: 1) retain new counsel to pursue the appeal; 2) proceed *pro se*; or 3) raise additional points deemed worthy of the Court's attention. **See id**. at 880. Counsel for Hampton substantially complied with these requirements here.

illegal sentence simply because it resentenced him to a lengthier term than the original sentence. Regarding Hampton's first claim, counsel stated that it had no merit because this Court has held that a court may anticipatorily revoke an order of probation when the defendant violates his parole after sentencing but before the period of probation has begun. *See Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980).

Following the filing of counsel's brief, however, this Court expressly overruled *Wendowski* in our *en banc* decision in *Simmons*. *See Simmons* at *8, *12. The defendant in *Simmons*, who had his probation revoked after committing a crime while still on parole and before his consecutive probation period had started, argued that the court erred when it found that he violated a condition of an order of probation that had not yet commenced. The *Simmons* Court agreed, and found that *Wendowski* had been wrongly decided.[3] We stated:

> *Wendowski* was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that 'a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted.' No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes [in the Sentencing Code] provides that: a trial court may only revoke an order of probation 'upon proof of the violation of specified conditions of the probation; the 'specified conditions' of an order probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an 'order of probation' consecutively to another term, the entirety of the 'order

---

[3] In agreeing with the defendant, *Simmons* recognized that Simmons's claim implicated the legality of his sentence. *See id*. at *1 n.3.

of probation' - including the 'specified conditions' - do not begin to commence until the prior term ends.

*Simmons* at *10 (citation omitted).

Given that the trial court imposed Simmons's term of probation consecutive to his term of imprisonment, and had revoked his probation based on conduct that occurred while he was still on parole and before his probation sentence had commenced, the *Simmons* Court vacated Simmons's judgment of sentence with instructions to reinstate the original order of probation. *See id*. at *13.

Applying *Simmons* to this case, it is clear that we must also vacate Hampton's judgment of sentence with instructions to the court to reinstate his original order of probation. Just as the court in *Simmons* did, the trial court here imposed a term of probation consecutive to Hampton's term of imprisonment and then revoked Hampton's probation on the basis of violations that occurred while Hampton was still on parole and before his period of probation began. This constituted error under the plain dictates of *Simmons* and we therefore vacate Hampton's judgment of sentence and remand with instructions for the court to reinstate its original order of probation.

Hampton also argues that the court erred by resentencing him to a lengthier term of imprisonment than the one originally imposed. We agree. While the court did not specifically revoke Hampton's parole in its order, it is evident that was the court's intent. As such, the court illegally resentenced

Hampton to a new term of imprisonment, and we therefore also remand for resentencing. **See Simmons** at *12 (stating that when a court revokes parole, it cannot impose a new sentence but instead, can only require the defendant to serve the balance of the sentence previously imposed).

We recognize that when an **Anders** brief has been filed and we disagree with counsel that an appeal is frivolous, as is plainly the case here, we would ordinarily remand for counsel to file an advocate's brief. **See Wrecks**, 175 A.3d at 721. However, counsel's **Anders** brief was filed before **Simmons** was issued, bringing a change to the relevant law, and it is clear that **Simmons** controls the disposition of this case. Moreover, where the issue implicates the legality of the sentence, such as here, we may correct the illegality *sua sponte*. **See Commonwealth v. Wolfe**, 140 A.3d 651, 654 (Pa. 2016). Given these circumstances, we see no need to order the filing of an advocate's brief and instead, vacate the judgment of sentence and remand with instructions to the court to reinstate the original order of probation and resentence Hampton pursuant to **Simmons**. **See Commonwealth v. Hankerson**, 118 A.3d 415, 421-422 (Pa. Super. 2015) (vacating an illegal sentence and remanding for resentencing without ordering the filing of an advocate's brief).

Counsel's application to withdraw from representation is denied. Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation and for resentencing. Jurisdiction relinquished.

Judge Kunselman joins the memorandum.

President Judge Emeritus Ford Elliott did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2021