420 A.2d 628

**COMMONWEALTH of Pennsylvania**

v.

**Anthony WENDOWSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed June 13, 1980.

Petition for Allowance of Appeal Denied Dec. 19, 1980.

454

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

The issue in this case is whether a judge may exercise his statutory authority[1] to revoke an order of probation upon violation of the terms of such order even though the defendant was not serving the probationary term at the time of revocation. Following is a chronology of the events relevant to this appeal:

    31 July 1974   The Honorable John Geisz sentences appellant to two years' probation.

---

1. *See* 18 Pa.C.S. § 1371(b). This section provides:
    The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

10 December 1974   The Honorable Norman Jenkins sentences appellant to five years' probation on a different conviction.

6 March 1975   Judge Jenkins, on a third conviction, imposes a sentence of time in to twenty–three months' imprisonment.

5 September 1975   Appellant pleads guilty, before the Honorable Curtis C. Carson, to charges of burglary and theft.   Judge Carson defers sentence to October 21, 1975.

29 September 1975   On the basis of the guilty plea of 5 September, Judge Geisz revokes the probation imposed by him in 31 July 1974;  he sentences appellant to six to twenty–three months' imprisonment.   For the same reason, Judge Jenkins revokes the parole granted on 6 March 1975 and sentences appellant to the remainder of the twenty–three month maximum term.   The probationary term of 10 December 1974 is continued.

21 October 1975   Judge Carson, aware of the above events, sentences appellant to five years' probation, commencing at the expiration of "any other sentences the [appellant] may presently be serving."

24 March 1976   Appellant is paroled to an out–patient drug addiction program.

31 May 1977   Appellant pleads guilty, before the Honorable I. Raymond Kremer, to a charge of receiving stolen property.

29 June 1977   Judge Jenkins revokes the parole of 24 March 1976 and orders appellant to serve the remaining ten months of the sentence imposed on 6 March 1975.   The probation imposed on 10 December 1974 is again continued.

Judge Carson, after a probation violation hearing, revokes the probation imposed on 21 October 1975 and sentences appellant to two and one half to five years' imprisonment.

456

Appellant now challenges Judge Carson's sentence of 29 June 1977, asserting that, since he was not actually serving the probation imposed by Judge Carson on 21 October 1975 on the day it was revoked, the revocation was an unconstitutional augmentation of that sentence. We do not agree.

■ The revocation of an order of probation and subsequent resentencing of a defendant to prison upon violation of the conditions of the probation does not unconstitutionally place such a defendant twice in jeopardy for the same offense. "[T]he initial order of probation is deemed a mere 'conditional' order and is not considered a 'final order' of sentence which is increased by the subsequent re–sentence." *Commonwealth v. White*, 264 Pa.Super. 495, 500 n.6, 400 A.2d 194, 196 n.6 (1979).

■ The issue before us has not been directly dealt with by our appellate courts, but those of other jurisdictions, federal and state, have addressed themselves to it. The policy behind the numerous decisions was clearly stated by Judge Waller of the United States Court of Appeals for the Fifth Circuit:

> If, at any time before the defendant has completed the maximum period of probation, or *before he has begun service of his probation,* he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." *Burns v. United States*, 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266, 269 (1932).

*James v. United States*, 140 F.2d 392, 394 (5th Cir. 1944) (Waller, J., concurring) (Emphasis added) (Footnote omitted). We agree also with the District of Columbia Court of Appeals that a term of probation

> may and should be construed for revocation purposes as including the term beginning at the time probation is granted. Otherwise, having been granted probation a defendant could commit criminal acts with impunity—as far as revocation of probation is concerned—until he commenced actual service of the probationary period.

*Wright v. United States*, 315 A.2d 839, 841–42, (D.C.App. 1974). Many other jurisdictions are in agreement. *See United States v. Root*, 503 F.2d 940 (5th Cir. 1974); *Hart v. Florida*, 364 So.2d 545 (Fla.1978); *State v. Morris*, 563 P.2d 52 (Idaho 1977); *Parrish v. Ault*, 237 Ga. 401, 228 S.E.2d 808 (1976); *Coffey v. Commonwealth*, 209 Va. 760, 167 S.E.2d 343 (1969); *Brown v. Commonwealth*, 564 S.W.2d 21 (Ky. App.1977); *Martin v. State*, 243 So.2d 189 (Fla.App.1971).

This position is supported by the decision of the Supreme Court of Pennsylvania in *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967). Vivian had been sentenced to five consecutive terms of probation. During the first of these, the trial court found that a condition upon which probation had been ordered had not been met, revoked the term Vivian was then serving *and* the four then yet to come and imposed consecutive sentences of imprisonment. Our Supreme Court sustained the action of the trial court, holding that such revocation and resentencing did not violate the constitutional prohibition of double jeopardy. 426 Pa. at 201, 231 A.2d at 306.

■ Furthermore, for the above reasons, appellant's claims that the revocation violated his plea agreement and that his plea was involuntary because not knowing and intelligent are without merit.

The judgment of sentence is

Affirmed.