J-S19009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN ROSS | |
| Appellant | No. 1208 EDA 2014 |

Appeal from the Judgment of Sentence entered March 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010039-2007

BEFORE:  STABILE, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 13, 2015**

Norman Ross appeals from the judgment of sentence entered for his violation of probation (VOP).  Appellant's counsel has filed an ***Anders***[1] brief and petitioned to withdraw because he contends that this appeal is wholly frivolous.  We affirm and grant the petition to withdraw.

In 2008, Appellant pled guilty to two counts each of forgery and theft by unlawful taking.[2]  The trial court sentenced Appellant to two to four years in prison followed by two years of probation.  On October 13, 2009,

_____

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***see also Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009) (refining Pennsylvania's technical requirements for withdrawing under ***Anders***).

[2] 18 Pa.C.S.A. §§ 4101(a) and 3921(a).

Appellant was placed on state parole. On October 9, 2011, Appellant was placed on special probation.[3]

On August 10, 2012, federal authorities arrested Appellant and charged him with seven crimes of fraud and identity theft. Appellant waived indictment, pled guilty, and was sentenced to three years in prison followed by six years' supervised release on September 13, 2013. Appellant committed the federal offenses while on state parole, special probation, or both.

After the federal district court sentenced Appellant, he appeared before the trial court for a VOP hearing on March 12, 2014. At the VOP hearing, Appellant admitted that his federal convictions constituted a violation, and he waived preparation of a presentence investigation report. N.T., 3/12/14, at 4-5. The trial court sentenced Appellant, who it described as a career criminal with no hope of rehabilitation, *id.* at 9-10, to two consecutive terms of one to two years in prison, consecutive to Appellant's federal prison sentence.

Appellant filed *pro se* a notice of appeal, and the trial court appointed new counsel to represent him, who timely filed a concise statement of errors on appeal. Counsel points to one issue for our review: whether the trial

_____

[3] For "special probation," the Pennsylvania Board of Probation and Parole is the supervising authority and the trial court is the revocation authority. ***See*** 12 West's Pa. Prac., Law of Probation & Parole § 3:6 (3d ed. 2014).

court could sentence Appellant for a VOP when he had not yet started to serve the probationary period of his original sentence. Before we consider the merits, we must address whether counsel has complied with the requirements to withdraw from representation under *Anders*. *See Santiago*, 978 A.2d at 361.

To withdraw under *Anders*/*Santiago*, counsel must (1) petition this Court for leave to withdraw after certifying that a thorough review of the record indicates the appeal is frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) give the appellant a copy of the brief and advise the appellant of the right to obtain new counsel or file a *pro se* brief to raise any additional points for review. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005). Additionally, the *Anders*/*Santiago* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We find that counsel has complied with *Anders* and *Santiago*. Counsel has petitioned for leave to withdraw, filed a brief that refers us to

- 3 -

anything that might support the appeal, and informed Appellant of his right to hire a new lawyer or file a *pro se* response.[4]  Furthermore, counsel's brief meets **Santiago**'s substantive requirements listed above.

We now conduct an independent review of the record to determine whether this appeal is indeed frivolous.  "When counsel meets his or her obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Santiago**, 978 A.2d at 355 (quoting **Commonwealth v. McClendon**, 434 A.2d 1185, 1187 (Pa. 1981)).  In appeals from the imposition of VOP sentences, our review is limited to the validity of the VOP proceedings, the legality of the sentence, and whether the trial court abused its discretion in imposing the VOP sentence.  **Commonwealth v. Hoover**, 909 A.2d 321, 322-23 (Pa. Super. 2006).

Counsel properly notes that Appellant's contention has no basis in fact or law.  First, Appellant was placed on special probation on October 9, 2011.  Appellant's federal crimes spanned periods ending in November and December 2011.  Therefore, Appellant committed his federal crimes in November and December 2011 while on probation.  It was well within the trial court's discretion to revoke Appellant's probation and sentence him to

---

[4] Appellant has not filed a response.

total confinement. *See* 42 Pa.C.S.A. § 9771 (providing that for a VOP, a sentencing judge possesses the same sentencing alternatives that were available at the time of the initial sentencing, and that a court may impose a VOP sentence of total confinement if, *inter alia*, the offender was convicted of new crimes).

Second, even if Appellant were correct, the trial court could have revoked Appellant's probation for his violations committed while on state parole, *i.e.*, before he began to serve probation. *See Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa. Super. 1980). "Otherwise, having been granted probation a defendant could commit criminal acts with impunity—as far as revocation of probation is concerned—until he commenced actual service of the probationary period." *Id.* (quoting *Wright v. United States*, 315 A.2d 839, 841-42 (D.C. 1974)); *see also Hoover*, 909 A.2d at 323-34 (reaffirming that a trial court may revoke probation and resentence a defendant to total confinement for violations that occurred before the defendant began serving the probationary sentence).

In sum, the sole issue raised by counsel is frivolous. Additionally, we have conducted an independent review of the record, and we agree with counsel that no non-frivolous appellate issues exist. Because the appeal is wholly frivolous, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/13/2015</u>