J-E02003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :        PENNSYLVANIA
                                           :
               v.                            :
                                           :
                                           :
ACEY REAVIS                         :
                                           :
                  Appellant          :    No. 1360 EDA 2018

Appeal from the Judgment of Sentence April 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-0000919-2016

BEFORE: BENDER, P.J.E., BOWES, J., SHOGAN, J., LAZARUS, J., OLSON, J.,
            DUBOW, J., KUNSELMAN, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:                 **FILED AUGUST 18, 2021**

Appellant, Acey Reavis, appeals from the judgment of sentence entered on April 13, 2018. We vacate Appellant's judgment of sentence.

On June 9, 2016, Appellant pleaded guilty to theft by unlawful taking, terroristic threats, and simple assault.[1] That same day, the trial court sentenced Appellant to serve six to 23 months in jail, followed by three years of probation, for his convictions. Sentencing Order, 6/9/16, at 1. Thereafter, as the trial court explained:

> On March 29, 2018, [Appellant] appeared before [the trial court] for a violation of probation hearing[. H]e was found in technical violation [of his probation] for failure to report to court, positive drug tests, and [failure to attend] mental health treatment. Sentencing was deferred. . . .

---

[1] 18 Pa.C.S.A. §§ 3921(a), 2706(a)(1), and 2701(a), respectively.

On April 13, 2018, [Appellant's] parole officer reported numerous technical violations [of Appellant's parole,] including failure to report to mental health treatment and failure to report to his parole officer.

Trial Court Opinion, 7/23/18, at 2.

On April 13, 2018, the trial court revoked Appellant's parole and anticipatorily revoked Appellant's probation. With respect to the probation revocation, the trial court resentenced Appellant to serve a term of two to four years in prison.

Appellant filed a timely notice of appeal and, after we initially affirmed Appellant's judgment of sentence, Appellant filed an application for reargument *en banc*. We granted Appellant's application, withdrew the prior panel decision, and listed the case for *en banc* consideration. Appellant now raises the following claim to this Court:

When the [trial] court revoked parole for a violation of [Appellant's] parole[,] did not the court lack authority under Pennsylvania law to also revoke a consecutive sentence of probation that [Appellant] had not yet begun to serve?

Appellant's Brief at 2 (some capitalization omitted).

Today, we issued **Commonwealth v. Simmons**, ___ A.3d ___ (Pa. Super. 2021) (*en banc*). In **Simmons**, we held that **Commonwealth v. Wendowski**, 420 A.2d 628 (Pa. Super. 1980) and its progeny wrongly held that a court may anticipatorily revoke an order of probation when the defendant commits a new crime after sentencing, but before the period of probation has commenced. As we explained in **Simmons**, **Wendowski's** holding finds no support in our statutes and is contrary to the plain language

- 2 -

of Sections 9721, 9754, and 9771 of the Sentencing Code. Therefore, we overruled **Wendowski** and its progeny.

The issue here concerns the anticipatory revocation of probation for an alleged "technical probation violation." In accordance with our opinion in **Simmons** – and in furtherance of its repudiation of **Wendowski** and its progeny – we conclude that the trial court lacked statutory authority to anticipatorily revoke Appellant's probation for an alleged "technical probation violation" that occurred before Appellant's period of probation began. We thus vacate Appellant's judgment of sentence and remand this case "with instructions to reinstate the original order of probation." **Commonwealth v. Griggs**, 461 A.2d 221, 225 (Pa. Super. 1983).

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation. Jurisdiction relinquished.

President Judge Emeritus Bender, Judge Shogan, Judge Lazarus, Judge Dubow, Judge Kunselman and Judge McCaffery join this Memorandum.

Judge Bowes files a Dissenting Memorandum in which Judge Murray joins.

This decision was reached prior to the retirement of Judge Shogan.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/18/2021</u>