J-S16010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT MILLER | : | |
| | : | |
| Appellant | : | No. 300 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009849-2016

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:              Filed: September 9, 2021

Appellant, Robert Miller, appeals from the judgment of sentence of one to two years' incarceration, imposed after the trial court anticipatorily revoked his term of probation based on Appellant's violating the conditions of his parole.  Appellant contends that the court lacked statutory authority to revoke his term of probation that he was not yet serving, thus rendering his sentence illegal.  Based on this Court's recent *en banc* decisions in ***Commonwealth v. Simmons***, No. 2461 EDA 2018 (Pa. Super. filed Aug. 18, 2021) (*en banc*), and ***Commonwealth v. Reavis***, 1360 EDA 2018, unpublished memorandum (Pa. Super. filed Aug. 18, 2021) (*en banc*), we agree with Appellant.  Thus, we vacate Appellant's judgment of sentence and remand with instructions.

_____

[*] Former Justice specially assigned to the Superior Court.

On February 28, 2017, Appellant pled guilty to aggravated assault. In accordance with the plea agreement, the trial court sentenced him to 6 to 23 months' incarceration, followed by 4 years' probation. Appellant was released on parole on June 5, 2017. However, over the ensuing two years, he violated the terms and conditions thereof multiple times by using drugs and failing to report to his parole officer. At two violation of parole hearings, the court found Appellant in violation, but permitted him to remain on parole. Nevertheless, Appellant continued to disregard the terms and conditions of his parole. Ultimately, on December 11, 2019, the court revoked Appellant's parole and anticipatorily revoked his probation. For Appellant's revocation of probation, the court resentenced him to 1 to 2 years' incarceration.

Appellant timely appealed, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on December 3, 2020. Herein, Appellant states one issue for our review: "Did not the [trial] court lack authority under Pennsylvania law to revoke a consecutive sentence of probation that Appellant had not yet begun to serve?" Appellant's Brief at 3.

As both parties acknowledge, at the time they filed their briefs in this case, the same issue Appellant raises herein was being considered by an *en banc* panel of this Court in **Simmons** and **Reavis**. On August 18, 2021, our Court decided **Simmons**, declaring

> that **Commonwealth v. Wendowski**, 420 A.2d 628 (Pa. Super. 1980)[,] and its progeny wrongly held that a court may anticipatorily revoke an order of probation when the defendant

commits a new crime after sentencing, but before the period of probation has commenced. As we explained in **Simmons**, **Wendowski's** holding finds no support in our statutes and is contrary to the plain language of Sections 9721, 9754, and 9771 of the Sentencing Code.[1] Therefore, we overruled **Wendowski** and its progeny.

**Reavis**, No. 1360 EDA 2018, unpublished memorandum at 2-3.

In **Reavis**, "[t]he issue … concern[ed] the anticipatory revocation of probation for an alleged 'technical probation violation.'" **Id.** Accordingly, the **Reavis** panel followed **Simmons** and "conclude[d] that the trial court lacked statutory authority to anticipatorily revoke [Reavis's] probation for an alleged 'technical probation violation' that occurred before [Reavis's] period of probation began." **Id.** The panel vacated Reavis's judgment of sentence and remanded "with instructions to reinstate the original order of probation." **Id.** (quoting **Commonwealth v. Griggs**, 461 A.2d 221, 225 (Pa. Super. 1983)).

As in **Simmons** and **Reavis**, we conclude that the court in this case imposed an illegal sentence when it anticipatorily revoked Appellant's probationary sentence based on an alleged technical probation violation that occurred before his probation sentence began. Accordingly, we vacate his judgment of sentence and remand for the court to reinstate the original order of probation.

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation. Jurisdiction relinquished.

---

[1] **See** 42 Pa.C.S. §§ 9721, 9754, and 9771.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/21