J-A07013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS L. FISHER | : | |
| | : | |
| Appellant | : | No. 1183 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 5, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at No(s):
CP-41-CR-0001598-2006

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 10, 2021**

Nicholas J. Fisher appeals from his August 27, 2019 judgment of sentence of one and one-half to three years of incarceration that was imposed after he was resentenced following revocation of probation.  We vacate Appellant's judgment of sentence and remand.

In the above-captioned case, Appellant was charged with two counts of aggravated assault, two counts of simple assault, and one count of endangering the welfare of children ("EWOC") "arising out of incidents in which a three-month old child sustained broken bones and brain injuries." Trial Court Opinion, 10/27/20, at 1.  He entered an open plea to one count of aggravated assault and one count of EWOC in exchange for the remaining charges being dropped.  In an order dated August 9, 2007, the court

_____

[*] Former Justice specially assigned to the Superior Court.

sentenced Appellant to five to ten years of imprisonment for aggravated assault followed by a consecutive seven-year term of probation for EWOC.

Appellant was paroled in 2011. The sentencing court has prepared an apt summary of the events that followed:

> [During his initial period of parole through August 2015, Appellant] violated the conditions of his parole at least 10 separate times. During that period of time, he absconded for approximately six months. He left Pennsylvania and went to Florida. While he was incarcerated on that absconding violation, he obtained a residence in Florida with his mother and the case was transferred through the interstate compact.
>
> Once [Appellant] arrived in Florida in February of 2016, he worked, although, approximately four months later he tested positive for amphetamines . . . . It was intended that he be evaluated and attend and complete . . . recommended treatment. However, [Appellant] absconded from supervision shortly thereafter within a matter of weeks. He left Florida with his mother alleging that [she] was in a very unhealthy . . . and perhaps even a dangerous relationship. They resided in Tennessee for approximately a year and [one-]half and then returned to Pennsylvania for approximately another year and [one-]half until [Appellant] was apprehended on April 24, 2019.[1]

*Id*. at 1-2. Appellant's parole was revoked and he was recommitted to serve the balance of his remaining sentence of incarceration. Although Appellant's probationary sentence had not yet begun, the Lycoming County Adult

---

1 Appellant absconded on or about July 12, 2016, when a Florida parole officer discovered that he was no longer living at his approved residence. He was apprehended in Williamstown, Pennsylvania.

- 2 -

Probation/Parole Office recommended that the court revoke Appellant's probation and resentence him in connection with the EWOC charge.

On August 27, 2019, a hearing was held to consider revoking Appellant's probation. Appellant did "not materially deny the allegations" detailed above. N.T. Resentencing, 8/27/19, at 4. In an order filed September 5, 2019, the sentencing court anticipatorily revoked his probation and resentenced Appellant to one and one-half to three years of incarceration on the EWOC count, which was set to run consecutive to his remaining sentence, on the aggravated assault charge. Appellant filed a motion for reconsideration arguing, *inter alia*, that his sentence was excessive and contrary to the norms of the Pennsylvania Sentencing Code. The sentencing court denied Appellant's motion.

On October 2, 2019, Appellant filed an untimely appeal from his resentencing, which was quashed.[2] Thereafter, he filed a timely *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA") seeking the restoration of his appellate rights due to the *per se* ineffectiveness of his original attorney. Ultimately, the court reinstated Appellant's direct appellate rights following his resentencing and he was permitted to file a

---

[2] **See** Pa.R.Crim.P. 708(E) ("The filing of a motion to modify sentence will not toll the 30-day appeal period.").

notice of appeal *nunc pro tunc* to this Court.[3]  Both he and the trial court have complied with their obligations pursuant to Pa.R.A.P. 1925.

Appellant has raised one issue: "Whether the sentencing court imposed a manifestly excessive and unduly harsh sentence on [Appellant] for a probation violation because he had already been violated by the State Board and he had not committed any new crimes."  Appellant's brief at 6.

Preliminarily, we must consider the applicability of **Commonwealth v. Simmons**, ___ A.3d ___, 2021 PA Super 166, 2021 WL 3641859 (Pa.Super. 2021) (*en banc*).  Therein, this Court held that Pennsylvania sentencing courts lack the statutory authority to revoke a probationary sentence when a defendant commits a new crime before their probation has commenced.  **Id**. at *12.  Appellant does not assert that the sentencing court lacked the statutory authority to revoke his probation.  However, our holding in **Simmons** implicates the legality of his sentence.  Consequently, it is non-waivable and we may raise it *sua sponte*.  **Id**. at *1 n.3.

As detailed above, Appellant's probation was revoked for technical violations committed while he was serving parole, *e.g.*, absconding from supervision, use of narcotics, and failure to maintain employment.  When the sentencing court revoked his probation, he was still serving a sentence of

---

[3]  Appellant's appeal *nunc pro tunc* was filed on September 17, 2020, but the court's order reinstating his direct appellate rights was not entered until September 18, 2020.  Pursuant to Pa.R.A.P. 905(a)(5), we will treat Appellant's notice of appeal as having been filed on September 18, 2020.

incarceration and had not yet begun to serve his term of probation. At the time that the court revoked his probation, long-standing precedent provided that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." **Commonwealth v. Wendowski**, 420 A.2d 628, 630 (Pa.Super. 1980); **see also Simmons**, **supra** at *7 (collecting cases).

This holding empowered sentencing courts to "anticipatorily" revoke the probation of defendants who committed new crimes, or violated the special conditions of their probation, even before they had begun to serve it. In **Simmons**, we disavowed **Wendowski** and its progeny, as follows:

> Simply stated, **Wendowsk**i was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." **Wendowski**, 420 A.2d at 630 (quotations omitted). No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" – including the "specified conditions" – do not begin to commence until the prior term ends.

**Simmons**, **supra** at *10 (discussing 42 Pa.C.S. §§ 9721(a), 9754(c), 9771(b)). On the same day **Simmons** was published, this Court also issued **Commonwealth v. Reavis**, 2021 WL 3668883 (Pa.Super. 2021) (*en banc*) (non-precedential decision), which extrapolated **Simmons** to find that a

- 5 -

sentencing court "lacked statutory authority to anticipatorily revoke [a defendant's] probation for an alleged 'technical probation violation' that occurred before [the] period of probation began."[4]  *Id*. at *1.

These holdings were decided during the pendency of Appellant's direct appeal.  Thus, he is entitled to the benefit of this newly announced principle of Pennsylvania law.  *See*, *e.g.*, *Commonwealth v. Hays*, 218 A.3d 1260, 1266 (Pa. 2019) (holding that "an appellate decision [that] overrules prior law and announces a new principle" applies retroactively to cases in which the issue is properly raised).  Since this issue implicates the legality of Appellant's sentence preservation in the court below was not necessary.

Applying **Simmons** and **Reavis** to the instant case, Appellant's consecutive term of probation had not yet begun when he committed the aforementioned violations.  Even at the time that his probation was revoked, Appellant was still serving the remainder of his sentence of incarceration.  Accordingly, Appellant was not subject to the "specified conditions" of probation at the time of his alleged noncompliance and the sentencing court, therefore, was not permitted anticipatorily to revoke his probation.

Based upon the foregoing discussion, Appellant is entitled to have his current judgment of sentence vacated and the August 9, 2007 order of

---

[4]  Pursuant to Pa.R.A.P. 126(b), we may cite a non-precedential memorandum of this Court filed after May 1, 2019 for its persuasive value.  *Id*.  Such a holding, however, does not constitute binding precedent.

probation reinstated.[5]   ***See Simmons***, ***supra*** at \*13 (vacating the defendant's judgment of sentence and remanding with instructions to reinstate the original order of probation); ***Reavis***, ***supra*** at \*1 (same).

Judgment of sentence vacated.   Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/10/2021

_____

[5]   Given the nature of our holding, we need not address Appellant's argument as to the alleged excessiveness of his now-vacated sentence.