J-S37038-21

2021 PA Super 255

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KHALIL CONLEY :
:
Appellant : No. 419 EDA 2021

Appeal from the Judgment of Sentence Entered January 26, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001304-2019

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED DECEMBER 21, 2021**

Appellant Khalil Conley appeals from the judgment of sentence entered

in the Court of Common Pleas of Philadelphia County on January 26, 2021,

following the revocation of his parole and probation. In light of this Court's

recent *en banc* decision in **Commonwealth v. Simmons**, --- A.3d ----, 2021

WL 36418459 (Pa.Super. August 18, 2021) (en banc) which addressed the

same issue Appellant presents herein regarding a trial court's lack of authority

to anticipatorily revoke an appellant's probation for an alleged violation that

occurred before his or her period of probation began, we vacate and remand.

The trial court set forth the relevant factual and procedural history

herein as follows:

> Appellant had been originally arrested and charged with
> multiple offenses based upon reports to law enforcement that he
> had that firing shots in the direction of the complainant, who had

_____

[*] Former Justice specially assigned to the Superior Court.

been inside a fleeing vehicle following an intense argument. On October 7, 2019, Appellant entered a negotiated plea to reduced charges with a merciful sentence before this [c]ourt as follows:

**Count 3:** Possession of an Instrument of Crime with Intent, graded as a misdemeanor of the first degree, under 18 § 907 §§ A: Minimum eleven (11) months and fifteen (15) days to maximum twenty-three (23) months of County supervised term confinement;

**Count 4:** Simple Assault, graded as a misdemeanor of the second degree, under 18 § 2701 §§ A: Maximum two (2) years County supervised probation, to run consecutively to Count 3;

**Count 5:** Recklessly Endangering Another Person, graded as a misdemeanor of the second degree, under 18 § 2705: Maximum two (2) years County supervised probation, to run consecutively to Count 4.

Pursuant to negotiations, the resulting aggregate sentence was a minimum period of eleven and a half (11 ½ ) months to a maximum period of twenty-three (23) months Philadelphia County term incarceration, plus four (4) years of county supervising reporting probation, with immediate grant of county parole to house arrest with electric monitoring. Before this Court Appellant's grandmother kindly and reluctantly offered her home as the location for assignment of house arrest. Credit was provided for custodial time served.

Appellant was ordered to pay mandatory court costs. This [c]ourt reiterated in detail the conditions of house arrest and probation and consequences of violations to [Appellant]. They included a stay away order which had prohibited Appellant from having any contact whatsoever with the complainant, neither direct, indirect or via third party or social media. Rehabilitative and restorative conditions were inserted, including the direction that Appellant is to comply with recommended mental health and drug and alcohol diagnosis and treatment.

While on parole and probation, Appellant was specifically ordered to submit to random drug and alcohol testing, home and vehicle searches, and was also ordered to refrain from possessing illegal weapons or drugs of any kind or posting illegal activity, including photos of drugs and/or weapons on social media. A violation hearing was to be listed upon first "hot urine" testing result.

Appellant was specifically prohibited from residing in any home where illegal narcotics or deadly weapons, particularly firearms, were located and from traveling in any vehicle where illegal narcotics or deadly weapons were located. Appellant was directed to submit to random checks of same.

Additionally, Appellant was directed to complete fifty (50) hours of community service and fifty (50) hours of anger management counseling. Appellant's sentence was imposed on October 7, 2019 and he surrendered on November 6, 2019. Prior to surrendering to house arrest on October 25, 2019, Appellant was shot eleven times in both of his legs and his neck. Miracuously [sic] he survived. On October 28, 2019, assigned supervising officers from the Philadelphia Adult Parole Probation Department contacted Appellant, and he stated that he had been released from Temple Hospital and was in stable condition. When he was questioned about who had shot him and whether it was in retaliation for something drug related, Appellant stated that he did not know who had shot him but that he knew that he had not been the intended target.

Notably, very shortly after Appellant had been released from incarceration pursuant to entry of the underlying negotiated Order of Sentence and while he was under supervision of the Philadelphia County Adult Parole and Probation department, House Arrest/Electronic Monitoring Division, he directly and indirectly violated the terms and conditions of the Order of Sentence several times. First, on January 7, 2020, Appellant tested positive for THC, a marijuana directive [sic]. He tested positive for THC again on January 30, 2020. Then, on February 8, 2020, he tested positive for benzodiazepine and THC. The COVID-19 pandemic lockdown subsequently prevented further drug testing, but Appellant still managed to violate various house arrest violations.

On April 23, 2020, despite contrary instructions upon implementation of the electronic monitoring equipment, Appellant ventured was out of range of his house arrest boundaries from 1:51 to 1:58 p.m. He falsely claimed that he was on his front porch. Under the terms of his probation, Appellant had not been permitted on his front porch particularly due to the danger of being shot. Again, on April 28, 2020, Appellant was out of range multiple times: 11:31 a.m., 11:38 a.m., 1:55 p.m., 2:07 p.m., 2:11-2:23 p.m., 2:30-3:08 p.m., 3:11-3:26 p.m., and 3:54-4:00 p.m. Appellant refused to respond to phone calls from the probation department until 5:00 p.m., when he stated that he had inexplicably claimed to be taking out the trash during every one

of those occasions. On April 28, 2020 at 7:30 p.m., the probation department contacted Appellant and reiterated that he had not been allowed to exit his front door, which had meant that he had not been permitted to go on his front porch. He had been warned multiple times that if he kept violating the terms of his house arrest, he would be remanded into county custody and listed for violation and revocation proceedings.

On May 10, 2020, Appellant was arrested and charged with Receiving Stolen Property, Firearm Not to be Carried Without a License, Carrying a Firearm on Public Street in Philadelphia, and Possession of a Criminal Instrument. Appellant's new arrest while under this [c]ourt's supervision arrest investigation by law enforcement of April 29, 2021 postings of Appellant from his Instagram account, named "9.Gunplay," wherein he had been observed posing with a black firearm, and laser sight with extended magazine on his front porch of his grandmother's home while under house arrest and electronic monitoring pursuant to this Court's Order of Sentence. On May 10, 2020, Philadelphia Police SWAT Units had been summoned to Appellant's residence at 2758 N. Dover Street, Philadelphia, PA 19132; there SWAT officers observed Appellant flee and discard a firearm; Appellant was apprehended after attempting to elude police responders. Pursuant to execution of Search and Seizure Warrant #228288 a black Kahr P380 semi-automatic firearm with extended magazine and loaded with eight live rounds was retrieved from the rear yard of Appellant's residence.

On May 11, 2020, a body warrant for Appellant had been issued Court was advised that May 13, 2020 and Gagnon 2 summaries were filed on June 9, 2020 and September 25, 2020 respectively.

On October 2, 2020, after revocation evidentiary hearing, this [c]ourt determined that Appellant had indeed violated[.] Indeed it was admitted that the social media postings had depicted Appellant on the front porch of his grandmother's home while under this [c]ourt's supervision and specifically country [sic] to the stated conditions of the Order and Judgement of Sentence. Appellant's overall conduct as reported not debated were determined to be violative the terms and conditions of his **parole and probation** and that revocation had been due under Section 9771. Appellant's detainer was lifted, and he was reamended [sic] to county custody pending sentencing hearing.

On January 26, 2021, Appellant's violation penalties were imposed, and he was resentenced accordingly:

**Count 3:** Possession of an Instrument of Crime with Intent, graded as a misdemeanor of the first degree, under 18 § 907 §§ A: Minimum two (2) years to maximum five (5) years of State supervised term confinement;

**Count** 4: Simple Assault, graded as a misdemeanor of the second degree, under 18 § 2701 §§ A: Minimum one (1) year to maximum two (2) years of State supervised term confinement, to run consecutively to Count 3;

**Count 5:** Recklessly Endangering Another Person, graded as a misdemeanor of the second degree, under 18 § 2705: Minimum one (1) year to maximum two (2) years of State supervised term confinement, to run consecutively to Count 4.

The resulting aggregate sentence was four (4) years to nine (9) years of State supervised confinement. Appellant was determined to be "RRRI" and boot camp eligible. Credit was accorded for custodial time served, and all rehabilitative conditions of Appellant's original sentence were reiterated.

Appellant filed a timely appeal on February 24, 2021 and was directed to file a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925 by June 15, 2021. On June 14, 2021, Appellant's Statement of Errors was filed by his sentencing counsel . . . .

Trial Court Opinion, filed 7/27/21, at 2-6 (boldface type in original).

In his appellate brief, Appellant presents a single issue for this Court's review:

When the trial court revoked parole for technical violations uncontested by Appellant, did not the court lack authority under Pennsylvania law to also revoke a consecutive sentence of probation that Appellant had not yet begun to serve?

Brief for Appellant at 4.

Initially, we observe that this anticipatory revocation of Appellant's order of probation was permissible at the time the trial court issued its revocation order under longstanding precedent established by this Court

- 5 -

beginning with this Court's decision in **Commonwealth v. Wendowski**, 420 A.2d 628, 630 (Pa.Super. 1980).[1]  However, in **Simmons**, **supra**, overruling **Wendowski** and its progeny, this Court held that a trial court could not anticipatorily revoke an order of probation for a defendant's commission of a new crime after sentencing but before his or her period of probation had begun.  In doing, so this Court determined the holdings of prior precedent had no support in relevant Pennsylvania statutes and contravened the plain language of Sections 9721, 9754, and 9771 of the Sentencing Code as follows:

> Simply stated, **Wendowski** was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." **Wendowski**, 420 A.2d at 630 (quotations omitted). No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" – including the "specified conditions" – do not begin to commence until the prior term ends.

**Simmons**, **supra** at *10.

---

[1] In its Pa.R.A.P. 1925(a) Opinion, the trial court acknowledged Appellant had stated in his concise statement that the issue he presents herein was pending before an *en banc* panel of this Court.  Notwithstanding, the court explained it was bound by **Wendowski** which expressly approved anticipatory revocations.  Trial Court Opinion, filed 7/27/21, at 6.

Thereafter, this Court further stated that pursuant to **Simmons**, a "trial court lack[s] statutory authority to anticipatorily revoke [a defendant's] probation for an alleged 'technical probation violation' that occurred before [his or her] period of probation began." **Commonwealth v. Reavis**, 2021 WL 3668883, at *1 (Pa.Super. Aug. 18, 2021) (*en banc*) (non-precedential decision). It is axiomatic that a sentence imposed without statutory authority is an illegal sentence. **See Commonwealth v. Finnecy**, 249 A.3d 903, 912 (Pa. 2021).

Herein, Appellant's order of probation was revoked because the trial court found him to be in violation of his future consecutive sentence of probation when it also found him to be in violation of his parole on October 2, 2020. However, under **Simmons**, Appellant was not yet required to comply with the probation portion of the imposed order of sentence before he began serving it; thus, his noncompliance did not permit the anticipatory revocation of his order of probation. Therefore, as was the case in **Simmons**, Appellant is entitled to relief in the form of having his current judgment of sentence vacated and his October 7, 2019, order of probation reinstated. **See Simmons**, **supra** at *13 (vacating the judgment of sentence and remanding with instructions to reinstate the original order of probation; **Reavis**, **supra** (same). Accordingly, since the trial court herein revoked Appellant's parole

- 7 -

and illegally resentenced him to serve a new term of incarceration, we must remand for resentencing. **Simmons**, **supra** at *12.[2]

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order and probation and for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021

---

[2] In light of this Court's recent holdings, the Commonwealth agrees with Appellant that he is entitled to resentencing because the trial court erred in anticipatorily revoking Appellant's probationary sentence for conduct that occurred before the probationary period began. The Commonwealth further reasons that because the maximum period of incarceration had elapsed as of the time it filed its brief, Appellant should be released to serve the remainder of his four-year probationary sentence. Commonwealth's Brief at 4-7.