J-A06025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARENCE LEE GUNTER | : | |
| | : | |
| Appellant | : | No. 1039 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 3, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000288-2010

BEFORE: MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY SULLIVAN, J.: **FILED: MARCH 18, 2022**

Clarence Lee Gunter ("Gunter") appeals from the judgment of sentence imposed following an anticipatory probation revocation. We vacate the judgment of sentence and remand for further proceedings.

In August 2010, Gunter pleaded guilty to, among other things, sexual assault and felony criminal trespass.[1] The trial court immediately sentenced him to five to ten years of imprisonment for sexual assault followed by seven years of probation for criminal trespass. In September 2019, Gunter committed a robbery for which he was subsequently convicted. At the time of the robbery, Gunter was still serving his five-to-ten-year sentence for

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 3124.1, 3503(a)(1)(i).

sexual assault and had not yet begun serving his probationary sentence for criminal trespass.[2]  In August 2021, as a result of the robbery conviction, the trial court conducted a violation of probation ("VOP") hearing relating to Gunter's 2010 conviction.  The VOP court revoked his probation for criminal trespass and resentenced him to ten to twenty months of incarceration followed by three years of probation.

Approximately two weeks after the VOP court resentenced Gunter, this Court entered its *en banc* decision in **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021).[3]  In **Simmons**, this Court held that a VOP court may not revoke probation when a defendant commits a new crime after sentencing but before a probationary period has begun.  **See id**. at 524-25, 527 (holding that a sentence imposed following an anticipatory probation revocation is an illegal sentence).  In so ruling, this Court overruled prior precedent permitting anticipatory probation revocations.  **See, e.g.**, **Commonwealth v. Wendowski**, 420 A.2d 628 (Pa. Super. 1980).

---

[2] Gunter's sentence for sexual assault was imposed on August 26, 2010; however, he received credit for time served from December 16, 2009, to August 26, 2010.  Thus, Gunter's parole did not expire until December 16, 2019.

[3] We note that our Supreme Court will be reviewing this Court's decision in **Simmons** in relation to its grant of allowance of appeal in **Commonwealth v. Rosario**, No. 298 WAL 2021, No. 299 WAL 2021, No. 300 WAL 2021 (Pa. Jan. 25, 2022).  Nevertheless, the **Simmons** decision is binding until our Supreme Court rules on the issue.  **See Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006).

Gunter argues, pursuant to ***Simmons***, that his VOP sentence is illegal. At the time he committed the robbery in September 2019, he was still serving his five-to-ten-year sentence for sexual assault and had not yet begun to serve his probationary sentence for criminal trespass. ***See Simmons***, 262 A.2d at 515 n.3 (holding that challenges to illegal sentences cannot be waived and may be raised for the first time on appeal).

In light of ***Simmons***, both parties agree that the VOP sentence imposed following the anticipatory revocation of Gunter's probationary sentence was illegal, and that the case should be remanded for resentencing.[4]

Based on our review, we agree that the VOP court anticipatorily revoked Gunter's probation and imposed an illegal sentence. Thus, we vacate the judgment of sentence and remand to the VOP court to resentence Gunter consistent with ***Simmons*** and this decision.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2022

---

[4] The trial court recognizes that this is an illegal sentence in light of ***Simmons***. ***See*** Trial Court Opinion, 10/13/21, at 2-3.