J-S15006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY CHICO | : | |
| | : | |
| Appellant | : | No. 808 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015060-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY CHICO | : | |
| | : | |
| Appellant | : | No. 810 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009738-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY CHICO | : | |
| | : | |
| Appellant | : | No. 811 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012208-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |  |
|---|---|---|---|
|  | : |  |  |
| v. | : |  |  |
|  | : |  |  |
|  | : |  |  |
|  | : |  |  |
| ANTHONY CHICO | : |  |  |
|  | : |  |  |
| Appellant | : | No. 812 EDA 2021 |  |

Appeal from the Judgment of Sentence Entered September 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000685-2013

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                     **FILED JULY 14, 2022**

Appellant Anthony Chico appeals *nunc pro tunc* from the judgment of sentence imposed for his violation of probation (VOP). Appellant challenges the discretionary aspects and legality of his sentence, as well as the sufficiency of the evidence to support his violation. Because we conclude that the VOP court imposed an illegal sentence, we vacate the judgment of sentence and remand for the VOP court to reinstate the original probation order.

The underlying facts of this matter are well known to the parties. ***See*** Trial Ct. Op., 8/13/21, at 1-6. Briefly, we note that Appellant was charged with drug-related offenses in four separate cases. On March 20, 2014, Appellant was convicted of one count of possession with intent to deliver a controlled substance (PWID) and one count of knowing or intentional possession of a controlled substance (K&I)[1] at Docket No. 15060-2012.

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), respectively.

- 2 -

On September 10, 2014, before Appellant was sentenced at Docket No. 15060-2012, Appellant entered a negotiated guilty plea in his remaining three cases. Specifically, Appellant pled guilty to one count each of PWID and conspiracy[2] at Docket No. 685-2013, one count of PWID at Docket No. 9738-2013, and one count of PWID at Docket No. 12208-2013. That same day, the trial court heard all four of Appellant's cases for sentencing and imposed the agreed-upon aggregate term of two and one-half to five years' incarceration, followed by seven years of reporting probation.[3]

Following his release from incarceration in 2018 on probation, Appellant tested positive for opiates on several occasions. On November 26, 2018, following a hearing, the VOP court found Appellant in technical violation of his probation. As a result, the VOP court revoked Appellant's probation and resentenced him to one to three years of state incarceration, followed by fourteen years of reporting probation. On January 31, 2019, after granting Appellant's motion for reconsideration, the court resentenced Appellant to eleven and one-half to twenty-three months' incarceration followed by five

---

[2] 18 Pa.C.S. § 903(c).

[3] At Docket No. 15060-2012, Appellant received a sentence of two and one-half to five years of incarceration, with two years of probation to run concurrent to any other sentence, for PWID. He received no further penalty for the K&I charge. At Docket No. 685-2013, Appellant received a sentence on both counts of seven years of reporting probation, to run concurrently with any other sentence. At Docket No. 12208-2013, Appellant received a sentence of seven years of reporting probation, to run concurrently with any other sentence. At Docket No. 9738, Appellant received a sentence of seven years of reporting probation, to run concurrently with any other sentence.

years of reporting probation. The court granted Appellant immediate parole to the Forensic Intensive Recovery (FIR) inpatient program and gave him credit for time served.

On April 17, 2019, less than two weeks after he was released on parole, Appellant left the inpatient treatment facility. In June of 2019, the VOP court conducted a hearing and found Appellant in technical violation of his probation. The court sentenced Appellant to one to three years' incarceration.

Counsel did not file a post-sentence motion for reconsideration but, following a timely, successful first Post Conviction Relief Act[4] (PCRA) petition, the court reinstated Appellant's post-sentence and direct appeal rights *nunc pro tunc*. Appellant timely filed a post-sentence motion and notice of appeal. Both Appellant and the VOP court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review:

1. Was the total incarceration sentence for a technical violation (Appellant was not convicted of another crime) excessive and an abuse of discretion and much more than necessary to protect the public and rehabilitate the Appellant who has drug abuse and mental health issues, and a history of non-violent offenses?

2. Was the evidence insufficient to prove by a preponderance of the evidence that supervision should have been revoked and that supervision was no longer an effective tool at rehabilitating the Appellant?

3. Did the lower court illegally sentence the Appellant to one year to three years of incarceration when it revoked and

---

[4] 42 Pa.C.S. §§ 9541-9546.

resentenced Appellant for violating terms of probation before it had begun?

Appellant's Brief at 8 (formatting altered).

We first address Appellant's claim regarding the legality of his sentence, as it is dispositive.[5]  Appellant argues that his sentence is illegal because the VOP court revoked his probation and resentenced him for a violation before his probation sentence had begun based on the anticipatory violation of his probation.  Appellant's Brief at 21-22 (citing **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*) (stating that the trial court does not have statutory authority to anticipatorily revoke a defendant's probation)). Appellant's Brief at 21-22.  Therefore, Appellant requests that we vacate his VOP sentence and remand for further proceedings.[6]  *Id.*

"Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*.  If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated." **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 889-90 (Pa. Super. 2019) (citations omitted and formatting altered).

In **Simmons**, this Court overruled **Commonwealth v. Wendowski**, 420 A.2d 628 (Pa. Super. 1980) and its progeny and held that the trial court lacked statutory authority to revoke the defendant's probation before he

---

[5] The VOP court did not address this issue in its opinion.

[6] The Commonwealth agrees that Appellant's sentence is illegal and also requests that we vacate Appellant's VOP sentence and reinstate his prior sentence.  **See** Commonwealth's Brief at 7-9.

began serving the probation portion of his sentence. In reaching that conclusion, the **Simmons** Court explained:

> Simply stated, **Wendowski** was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." **Wendowski**, 420 A.2d at 630 (quotations omitted). No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" – including the "specified conditions" – do not begin to commence until the prior term ends.

**Simmons**, 262 A.3d at 524-25; **see also Commonwealth v. Conley**, 266 A.3d 1136, 1140 (Pa. Super. 2021) (concluding that "under **Simmons**, [the a]ppellant was not yet required to comply with the probation portion of the imposed order of sentence before he began serving it; thus, his noncompliance did not permit the anticipatory revocation of his order of probation").

Additionally, the Pennsylvania Supreme Court has defined the difference between probation and parole as follows:

> probation is a sentence imposed for commission of crime whereby a convicted criminal offender is released into the community under the supervision of a probation officer in lieu of incarceration. Conversely, parole is the release from jail, prison or other confinement after actually serving part of the sentence. Conditional release from imprisonment which entitles parolee to

serve remainder of his term outside the confines of an institution, if he satisfactorily complies with all terms and conditions provided in parole order . . . [A] court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of the original sentence. In contrast, a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment, from which the prisoner could be reparoled.

*Commonwealth v. Holmes*, 933 A.2d 57, 59 n.5 (Pa. 2007) (citations omitted and formatting altered).

Here, in January 2019, the VOP court in fact anticipatorily revoked Appellant's probation and resentenced him to a term of eleven to twenty-three months of incarceration, followed by five years of probation for his 2018 technical probation violation. The VOP court also granted Appellant five months of credit for time served. Notably, the incarceration portion of Appellant's January 2019 sentence, including eligibility for release on parole would have terminated in August 2020.[7] Accordingly, at the time of Appellant's technical violation hearing in June of 2019, Appellant was still on parole for his January 2019 sentence, and he had not yet begun serving the probation portion of that sentence. Therefore, because Appellant was on parole at the time of the 2019 parole violation, the VOP court lacked the statutory authority to anticipatorily revoke Appellant's probation for the January 2019 sentence which he had not begun to serve. Under these

_____

[7] The precise date of the termination of the sentence is uncertain as it is not included in the record. The sentencing order indicates that time credit was to be calculated by the Philadelphia Prison System. *See* Sentencing Order, 1/31/19.

circumstances, the VOP court only had the authority to sentence Appellant to his "back time," which refers to the remainder of the January 2019 sentence of imprisonment from which Appellant could be reparoled. In sum, Appellant violated conditions of his parole, not his probation which had not yet begun. Therefore, the VOP court could not impose a new sentence of imprisonment for the 2019 violation outside of the sentencing alternatives available at the time of the January 2019 sentencing because Appellant was still serving his parole on that sentence. *See Holmes*, 933 A.2d at 59 n.5; *Simmons*, 262 A.3d at 523-25; *Conley*, 266 A.3d at 1139-40. Accordingly, we vacate Appellant's VOP sentences and remand for the VOP court to reinstate the original orders of probation for the January 2019 VOP sentence.[8] *See Conley*, 266 A.3d at 1139-40.

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order and probation. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 7/14/2022

_____

[8] In light of our disposition, we will not address Appellant's remaining issues.

- 8 -