J-S30022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| THOMAS SCANTLING | : | |
| Appellant | : | No. 2407 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005432-2019,
CP-51-CR-0005877-2019, CP-51-CR-0009771-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| THOMAS SCANTLING | : | |
| Appellant | : | No. 2408 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005432-2019,
CP-51-CR-0005877-2019, CP-51-CR-0009771-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| THOMAS SCANTLING | : | |
| Appellant | : | No. 2409 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005432-2019,

J-S30022-23

CP-51-CR-0005877-2019, CP-51-CR-0009771-2009

BEFORE:   BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

JUDGMENT ORDER BY LAZARUS, J.:                 **FILED SEPTEMBER 26, 2023**

Thomas Scantling appeals[1] from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following an anticipatory probation revocation.   After our review, we vacate the new sentence of incarceration for possessing instruments of crime (PIC)[2] and remand with instructions.   We affirm the judgment of sentence in all other respects.

On September 15, 2009, Scantling pled guilty to aggravated assault[3] and PIC.   On November 13, 2009, the trial court sentenced him to four to ten years' incarceration, followed by ten years of probation, for aggravated assault and a consecutive term of five years of probation for PIC.   On May 18, 2019, Scantling committed another aggravated assault, for which he was subsequently convicted.   At the time he committed/was convicted of the 2019 aggravated assault, Scantling was serving his ten-year term of probation for

---

[1] Scantling filed three notices of appeal, each containing all three trial court docket numbers, in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).   **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (approving filing of separate but identical notices of appeal as compliant with dictates of **Walker**).

[2] 18 Pa.C.S.A. § 907.

[3] 18 Pa.C.S.A. § 2702(a).

the 2009 aggravated assault conviction; the five-year probationary sentence for the 2009 PIC conviction had not yet begun.

On August 16, 2022, as a result of Scantling's 2019 aggravated assault conviction, the trial court held a violation of probation (VOP) sentencing hearing relating to Scantling's 2009 convictions. Following the hearing, the trial court anticipatorily revoked Scantling's five-year probationary sentence for PIC and resentenced him to two to four years of incarceration for that conviction alone. Scantling now challenges that ruling, claiming that the court unlawfully resentenced him to incarceration on his PIC probationary sentence based on conduct that occurred before that probation commenced. We are constrained to agree.

Approximately one year before the VOP court resentenced Scantling, this Court decided **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (en banc). There, we held that a trial court may not anticipatorily revoke a consecutively imposed term of probation, for new crimes committed after sentencing, but before that probation commenced. **See id.** at 524-25, 527. Rather, a trial court may revoke a probationary sentence only when a defendant's conduct violates the specified conditions of the probation being served at the time of the violation. **Id.** at 525. In so ruling, the Court reversed prior precedent permitting anticipatory probation revocation. **See id.** at 524-25; **see e.g., Commonwealth v. Wendowski**, 420 A.2d 628 (Pa. Super. 1980) (holding trial court may anticipatorily revoke consecutively imposed

term of probation based on conduct that occurred before that probation commenced).

Here, both parties agree that, at the time of the 2019 aggravated assault charge, Scantling was still serving his ten-year probationary sentence for the 2009 aggravated assault conviction and, thus, the consecutive probationary sentence for the PIC conviction had not yet commenced. In light of this fact, and pursuant to the Court's ruling in **Simmons**, both parties agree that the VOP court lacked the authority to anticipatorily revoke Scantling's probationary sentence for the 2009 PIC conviction and impose a sentence of incarceration on that count. Both parties also agree that, because the new sentence of incarceration is illegal, it should be vacated and the original probationary sentence for that conviction reinstated.

Based on our review, and in accordance with **Simmons**, we agree that the VOP court imposed an illegal resentence for the 2009 PIC conviction. Accordingly, we vacate the new sentence of two to four years' incarceration for PIC and remand this case to the VOP court with directions to reinstate the original probationary term of five years for that conviction. We affirm the judgment of sentence in all other respects.

Affirmed in part, vacated in part. Case remanded for further proceedings in accordance with the dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/26/2023</u>