J-A04024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NASIR JACKSON | : | |
| | : | |
| Appellant | : | No. 3590 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003443-2017,
CP-51-CR-0009140-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NASIR JACKSON | : | |
| | : | |
| Appellant | : | No. 951 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003443-2017,
CP-51-CR-0009140-2017

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 12, 2022**

Appellant Nasir Jackson appeals from the judgments of sentence imposed following the revocation of his parole and probation. On appeal, Appellant challenges the discretionary aspects and the legality of his sentence. We vacate the judgments of sentence, and remand with instructions.

On January 24, 2018, Appellant entered negotiated guilty pleas to robbery and related offenses[1] at two docket numbers based on his participation in gunpoint robberies and assaults involving separate victims. Pursuant to the negotiated pleas, the trial court imposed an aggregate sentence of eleven-and-a-half to twenty-three months' incarceration followed by seven years' probation.[2]

We state the subsequent factual and procedural history as set forth by the trial court as follows:

> As part of the conditions of probation, Appellant was specifically directed by this [c]ourt to attend a minimum of fifty (50) hours of anger management, complete fifty (50) hours of community

---

[1] At docket number CP-51-CR-0003443-2017 (Docket No. 3443-2017), Appellant pled guilty to robbery, graded as a felony of the first-degree, aggravated assault, graded as a felony of the second-degree, and conspiracy to commit robbery, graded as a felony of the first-degree. 18 Pa.C.S. §§ 3701(a)(1), 2702(a), and 903, respectively.

At docket number CP-51-CR-0009140-2017 (Docket No. 9140-2017), Appellant pleaded guilty to robbery, graded as a felony of the first-degree, conspiracy to commit robbery, graded as a felony of the first-degree, and possession of an instrument of crime (PIC), graded as a misdemeanor of the first degree. 18 Pa.C.S. §§ 3701(a)(1), 903, and 907(a), respectively.

[2] At Docket No. 3443-2017, the trial court imposed concurrent terms of eleven-and-a-half to twenty-three months' incarceration followed by concurrent terms of seven years' probation for each of the three counts. Order, Docket No. 3443-2017, 1/24/18, at 1-2. At Docket No. 9140-2017, the trial court imposed concurrent terms of eleven-and-a-half to twenty-three months' incarceration followed by concurrent terms seven years' probation on the robbery and conspiracy counts. Order, Docket No. 9140-2017, 1/24/18, at 1-2. The trial court sentenced Appellant to five years' probation for the PIC count, which ran concurrent to the other terms of probation. *Id.* The sentences for Docket No. 9140-2017 ran concurrent to the sentences for Docket No. 3443-2017. *Id.*

service, submit to random drug and alcohol screens as well as home and vehicle checks for drugs and weapons, comply with recommendations for treatment, and participate in vocational training if needed and to seek and maintain legitimate employment.

Additionally, Appellant was ordered to have no contact with any of his co-defendants as well as any of the Commonwealth's witnesses and complainants and refrain from any involvement with illegal narcotics or weapons. Mandatory fines and costs were also imposed. Credit for time served as calculated separately was accorded. Appellant was immediately paroled consistent with the negotiations. No appeal was taken. . . .

Following parole, Appellant was assigned to intensive supervision of the High Risk Anti-Violence Unit of the Philadelphia Adult Probation and Parole Department. He was directed by his probation officer to attend two hours of one day a week for a period of fourteen weeks of Cognitive Behavior Therapy in a class developed and conducted by a University of Pennsylvania psychologist. Class topics reinforced the need for compliance with the rehabilitative conditions and goals and terms of probation. In this class Appellant was provided ample educational or vocational opportunities and rehabilitative tools. Within one month of completion of this program Appellant submitted a urinalysis that returned positive presence for the illegal narcotic hallucinogenic substance of phencyclidine, commonly known as "PCP." When questioned, Appellant had initially lied to his probation officer and denied ingestion of this substance and denied any need for treatment.

Appellant refused to comply with directed attendance in drug and alcohol treatment following referral to the Wedge IOP Drug Treatment Program. Appellant remained unemployed and demonstrated zero effort to obtain employment. He was referred to CLIP for community service. He never fulfilled any community service. Appellant reported to his probation officer on July 10, 2018 and again denied ingestion of any illegal substances. His urinalysis reflected positive finding for illegal narcotics in the form of Benzodiazepines. On July 17, 2018, he last reported to the probation department and admitted to taking Xanax. Appellant claimed to have completed some community service but produced zero information concerning this claim. Thereafter, Appellant absconded and the issuance of the active warrant followed. The

***Gagnon***[3] Summaries reflected the probation department's recommendation of revocation and confinement to serve back time.

At the violation hearing, Appellant conceded the technical and revoking violations of absconding, as well as the noncompliance with any of the terms and conditions of supervision including the recorded illegal narcotic use, including the positive test benzodiazepines, and a positive test for phencyclidine ("PCP"). Following agreed upon revocation, this [c]ourt ordered a Presentence Investigative Report, Mental Health Evaluation, and Forensic Intensive Recovery Assessment ("FIR") be conducted.

Appellant returned for formal reiteration of revocation and sentencing evidentiary hearing on November 15, 2018. After full consideration and recitation of all salient sentencing factors, this [c]ourt essentially imposed a combined concurrently running aggregate sentence term of seven and a half (7½) years to fifteen (15) years[4,5] of state supervised confinement in both cases.

---

[3] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[4] At Docket No. 9140-2017, the trial court imposed concurrent terms of five to fifteen years' incarceration for robbery and conspiracy and a consecutive sentence of two-and-a-half to five years' incarceration for PIC. Order, Docket No. 9140-2017, 11/15/18, at 1-2. The trial court imposed an aggregate sentence of five to fifteen years' incarceration at Docket No. 3443-2017, which ran concurrent to the sentence at Docket No. 9140-2017. Order, Docket No. 3443-2017, 11/15/18, at 1-2.

[5] We note that the trial court's statements at sentencing differ from the sentences set forth in the sentencing order. At the sentencing hearing, the court stated that Appellant's aggregate sentence was seven-and-a-half to fifteen years' incarceration. N.T. Sentencing Hr'g, 11/15/18, at 26. However, the sentencing order for Docket No. 9140-2017 indicates that the sentence of two-and-a-half to five years for PIC is consecutive to the concurrent sentences of five to fifteen years for robbery and conspiracy. ***See*** Order, Docket No. 9140-2017, 11/15/18, at 1-2.

At Docket No. 3443-2017, the court stated that Appellant's sentence was five to fifteen years for robbery and five to ten years for aggravated assault. N.T. Sentencing Hr'g, 11/15/18, at 25. However, according to the sentencing

*(Footnote Continued Next Page)*

Credit for custodial time served was duly accorded. Appellant was deemed ineligible for Boot Camp until he served at least five years of custody. He was deemed statutorily ineligible for any other release other early release "RRRI" programs. The original rehabilitative supervision terms and conditions were reapplied.

Trial Ct. Op., 7/17/19 at 1-4 (some formatting altered).

Appellant filed a timely motion for modification of sentence, which the trial court denied. Appellant subsequently filed timely notices of appeal.[6] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises five issues for our review, which we reorder as follows:

1. Did not the trial court, after revoking Appellant's parole, lack authority under Pennsylvania law to also revoke a consecutive sentence of probation that he had not yet begun to serve?

2. Did not the sentencing court violate the requirements of 42 Pa.C.S. § 9771(c) of the Sentencing Code when, after revoking his probation, it sentenced Appellant to a period of total

_____

order, the trial court imposed a term of five to fifteen years' incarceration on the aggravated assault and a concurrent term of five to ten years' incarceration for robbery. Order, Docket No. 3443-2017, 11/15/18, at 1-2.

"In Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." **Commonwealth v. Borrin**, 80 A.3d 1219, 1226 (Pa. 2013). Notwithstanding the trial court's oral statement at sentencing, the written sentencing orders control, therefore, Appellant's aggregate sentence is seven-and-a-half to twenty years' incarceration. **See Borrin**, 80 A.3d at 1226.

[6] Appellant filed a separate appeal at each trial court docket pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and Pa.R.A.P. 341(a). However, this Court originally docketed both of Appellant's appeals at 3590 EDA 2018. This Court subsequently docketed Appellant's second appeal at 951 EDA 2020 and *sua sponte* consolidated these matters. **See** Order, 4/13/20.

confinement where: 1) he had not been convicted of or charged with a new crime, 2) the record did not demonstrate any likelihood that he would commit a new crime if not incarcerated, and 3) incarceration was not essential to vindicate the authority of the court?

3. Was not the lower court's imposition of a seven and a half (7½) to fifteen (15) year sentence of incarceration for technical violations of probation, manifestly excessive and an abuse of discretion where the court failed to give individualized consideration to Appellant's personal history, rehabilitative needs or background, and without explaining how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of the Appellant and instead focused solely on the original offense of conviction?

4. Did not the trial court err and abuse its discretion by sentencing [Appellant] to an excessive period of incarceration?

5. Did not the increase in punishment caused by the revocation of probation in violation of statutory law violate [Appellant's] double jeopardy rights under the Pennsylvania and U.S. Constitutions?

Appellant's Brief at 4-5 (formatting altered).[7]

_____

[7] During the pendency of this appeal, Appellant filed an application for relief captioned "Petition for Expedited Review Without Argument and/or for *Habeas* Relief," in which he argued that his sentence was illegal based on **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*). This Court directed the trial court to file a supplemental opinion addressing **Simmons**, which the trial court did on November 19, 2021. As discussed further below, the trial court concluded that **Simmons** was not applicable to the instant case. Appellant filed a second application for relief captioned "Emergency Petition to Vacate Illegal Sentence" on January 6, 2022, again citing **Simmons** and requesting this Court order his immediate release because he has served more than the maximum term of twenty-three months' incarceration imposed under his original sentence. As stated, we will discuss the **Simmons** holding in detail below.

Initially we note that both Appellant and the Commonwealth argue that Appellant's sentence is illegal and must be vacated under **Simmons**.[8] Appellant's Brief at 30-42; Commonwealth's Brief at 5-7.

On an appeal from a revocation of probation,[9] "we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the

_____

[8] Although Appellant filed his brief before **Simmons** was decided, he argues that the trial court lacked the authority to revoke his probation, which he had not yet begun serving at the time the trial court revoked his parole. Appellant's Brief at 30-42. As stated above, after filing his brief, Appellant has filed applications for relief arguing that his sentence is illegal under **Simmons**. App. for Relief, 9/21/21, at 1-3 (unpaginated); App. for Relief, 1/6/22, at 1-4 (unpaginated).

[9] Our Supreme Court explained the differences between probation and parole as follows:

> As commonly defined, probation is a sentence imposed for commission of crime whereby a convicted criminal offender is released into the community under the supervision of a probation officer in lieu of incarceration. Conversely, parole is the release from jail, prison or other confinement after actually serving part of the sentence. Conditional release from imprisonment which entitles parolee to serve remainder of his term outside the confines of an institution, if he satisfactorily complies with all terms and conditions provided in parole order. . . . [A] court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of the original sentence. In contrast, a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment, from which the prisoner could be reparoled.

**Commonwealth v. Holmes**, 933 A.2d 57, 59 n.5 (Pa. 2007) (citations omitted and formatting altered).

- 7 -

sentence imposed." ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted)).

This Court has explained that "a challenge to the legality of the sentence can never be waived . . . ." ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted). "[I]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Id.*** at 802 (citation omitted and formatting altered). Issues relating to the legality of a sentence are questions of law, therefore our standard of review is *de novo* and our scope of review is plenary. ***Id.***

It is well settled that "Pennsylvania appellate courts apply the law in effect at the time of the appellate decision. This means that we adhere to the principle that a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." ***Commonwealth v. Chesney***, 196 A.3d 253, 257 (Pa. Super. 2018) (citations omitted and formatting altered). Further, "[t]his Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." ***Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa. Super. 2014) (citations omitted).

We note that at the time the trial court revoked Appellant's probation, this Court's case law permitted anticipatory revocations of probation. ***See, e.g.***, ***Commonwealth v. Wendowski***, 420 A.2d 628, 630 (Pa. Super. 1980) (holding that "[i]f, at any time before the defendant has completed the

maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the trial court that he is unworthy of probation . . . the trial court could revoke or change the order of probation" (citations omitted)); **Commonwealth v. Allshouse**, 33 A.3d 31, 39 (Pa. Super. 2011) (affirming that the trial court's anticipatory revocation of the defendant's probation for "a technical violation" because, "[a]s in **Wendowski**, [the defendant's] probation was revoked prior to its commencement on the basis that [the defendant] was a danger to society and, therefore, unworthy of probation").

However in **Simmons**, an *en banc* panel of this Court overruled **Wendowski** and its progeny, explaining that

> **Wendowski** was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." **Wendowski**, 420 A.2d at 630 (quotations omitted). No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;"[10] the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" – including the "specified conditions" – do not begin to commence until the prior term ends.

**Simmons**, 262 A.3d at 524-25 (some citations and footnote omitted); **see also Commonwealth v. Conley**, 266 A.3d 1136, 1139-40 (Pa. Super. 2021)

---

[10] 42 Pa.C.S. § 9771(b).

(applying **Simmons** where the trial court anticipatorily revoked the defendant's probation for technical violations of the conditions of probation which occurred before the period of probation began).

Further, the **Simmons** Court addressed the trial court's authority to resentence a defendant following the revocation of parole. Specifically, the Court reiterated that

> [an] order revoking parole does not impose a new sentence; it requires [the defendant], rather, to serve the balance of a valid sentence previously imposed. Moreover, such a recommittal is just that – a recommittal and not a sentence. Further, at a "violation of parole" hearing, the court is not free to give a new sentence.

**Simmons**, 262 A.3d at 528 (quoting **Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa. Super. 1993)) (formatting altered). Therefore, the **Simmons** Court concluded that the trial court imposed an illegal sentence when it imposed a new term of incarceration following the revocation of the defendant's parole. **Id.** Accordingly, the **Simmons** Court vacated the defendant's sentence and remanded the case with instructions for the trial court to reinstate the original order of probation and for resentencing on the parole violation. **Id.** at 527-28.

Here, in its supplemental opinion addressing **Simmons**, the trial court explained:

> On November 15, 2018, Appellant was sentenced approximately three years before the Pennsylvania Superior reversed direction on August 18, 2021 with the filing of **Commonwealth v. Simmons**, . . . This case ruling has not yet been tested by the

- 10 -

Supreme Court of Pennsylvania. Nor has this ruling been deemed to have appl[ied] retroactively.[11]

\* \* \*

Until the **Simmons** opinion was filed, the Pennsylvania appellate courts had repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated: "A probation violation is established whenever it is show that the conduct of the probationer indicates the probation has proven to be an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." **Commonwealth v. Infante**, 888 A.2d 783, 791 (Pa. 2005) . . . .

In the instant matter, Appellant's return to illegal narcotics use, his failure to comply with any of the directed terms and conditions and his concession to those multiple violations, the evidence was certainly strong enough to support the revocation imposed by the court.

. . . This [c]ourt retained full[] jurisdiction over both the parole and probationary periods of supervision. Both sections were supervised by the County of Philadelphia Adult Probation and Parole Anti-Violence Unit . . . . All conditions were applied to all portions of the sentence.

More importantly, this trial record is bereft of any defense objections to this [c]ourt's finding of breaches of this [c]ourt's specifically directed conditions of court supervised parole and anticipatory probation conditions that had been imposed in

_____

[11] The trial court also suggests that **Simmons** was incorrectly decided. **See** Trial Ct. Op., 11/9/21, at 7. We are bound by existing precedent until such time that it is overturned. **See Reed**, 107 A.3d at 143. Therefore, to the extent the trial court takes issue with this Court's decision in **Simmons**, we remain obligated to follow the existing, controlling case law. Further, we remind the trial court that, as this Court recently reiterated, "[b]oth this Court and the trial court are bound by existing Superior Court precedent under the doctrine of *stare decisis*." **Smith v. A.O. Smith Corp.**, --- A.3d ---, 2022 PA Super 13, 2022 WL 221559, at \*7 (Pa. Super. filed Jan. 26, 2022) (citation omitted and formatting altered); **see also Commonwealth v. Randolph**, 718 A.2d 1242, 1245 (Pa. 1998) (holding that "[i]t is a fundamental precept of our judicial system that a lower tribunal may not disregard the standards articulated by a higher court").

tandem pursuant to the terms of the negotiated guilty pleas as entered. To the contrary, the record reflects concession to violations. Additionally, no objections to the revocation of both parole and probation had been raised during or after the imposition of sentences in the form of post-sentence motions. It was not until the issue was raised within the Statement of Matters Complained of on Appeal . . . [Appellant] claimed error resulting from the sentences that had been imposed stemming from the combined parole and the anticipatory probationary period breaches. Thus, this claim has been waived.

Trial Ct. Op., 11/9/21, at 3-7 (some citations omitted and formatting altered).

Here, the trial court revoked Appellant's parole and anticipatorily revoked his probation. **See Gagnon** Summary Report, 7/23/18, at 1 (unpaginated) (indicating that Appellant's parole would not expire until April 23, 2019, and that Appellant's probation would begin the following day). The trial court subsequently resentenced Appellant for these parole and probation violations as described above. At the time of Appellant's parole violations, anticipatory revocations of probation were permissible under this Court's case law. **See, e.g.**, **Wendowski**, 420 A.2d at 630. However, while Appellant's case was pending on appeal, this Court announced its decision in **Simmons**, which held that trial courts may not anticipatorily revoke an order of probation. **See Simmons**, 262 A.3d at 524-25. Appellant is entitled to the benefit of the change in law that occurred while this appeal was pending.[12] **See Chesney**,

_____

[12] We note that the Commonwealth did not file a petition for allowance of appeal to our Supreme Court after this Court announced its decision in **Simmons**. However, our Supreme Court subsequently granted the Commonwealth's petition for review in an unrelated matter, which directly implicates our holding in **Simmons**. **See Commonwealth v. Rosario**, 298
*(Footnote Continued Next Page)*

196 A.3d at 257; **see also Conley**, 266 A.3d at 1139-40, 1139 n.1. Therefore, we conclude that because the trial court did not have the authority to anticipatorily revoke Appellant's probation, we must vacate the November 15, 2018 judgments of sentence and remand to the trial court to reinstate the original January 24, 2018 orders of probation. **See Simmons**, 262 A.3d at 527; **see also Wolfe**, 106 A.3d at 802.

Additionally, to the extent the trial court sentenced Appellant to serve a new term of incarceration following the revocation of his parole, rather than recommitting Appellant to serve the balance of his previous sentence, we must vacate that sentence and remand for resentencing. **See Simmons**, 262 A.3d at 528; **Mitchell**, 632 A.2d at 936.

For these reasons, we vacate the judgments of sentence and remand both cases for resentencing consistent with this Court's decision in **Simmons**.[13],[14]

---

WAL 2021, 2022 WL 213753 (Pa. filed Jan. 25, 2022) (granting the Commonwealth's petition for allowance of appeal to consider whether the **Simmons** Court erred in holding that trial courts lack the statutory authority to anticipatorily revoke a defendant's probation that have not yet commenced). In any event, we remain bound by **Simmons** as binding precedent. **See Reed**, 107 A.3d at 143.

[13] Because we conclude that Appellant's revocation sentence is illegal, Appellant's other issues challenging the discretionary aspects of his revocation sentence are moot.

[14] Additionally, because we vacate the sentences imposed after the trial court's anticipatory revocation of Appellant's probation as illegal sentences, the legality of the five-to-fifteen-year sentence for aggravated assault, graded as

*(Footnote Continued Next Page)*

Because we vacate Appellant's judgment of sentence and remand for resentencing, we deny Appellant's applications for expedited review and to vacate his sentence as moot.

Judgments of sentence vacated. Case remanded with instructions to reinstate the original orders of probation and for resentencing. Appellant's applications for relief denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2022

---

a felony of the second degree, at Docket No. 3443-2017 is moot. **See** 18 Pa.C.S. § 1103(2) (providing that the maximum possible sentence for a second-degree felony is ten years' imprisonment).