J-S26026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY ADAM PEIFFER | : | |
| | : | |
| Appellant | : | No. 81 MDA 2024 |

Appeal from the PCRA Order Entered December 14, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0006079-2014

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 28, 2024**

Appellant, Troy Adam Peiffer, appeals *pro se* from the order entered on December 14, 2023, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> [Appellant] was charged with various criminal offenses arising out of an incident alleged to have occurred between October 3, 2014 and December 10, 2014. On April 13, 2015, [Appellant] entered an open plea [agreement] to one count of distribution of child pornography, [25] counts of possession of child pornography and one count of criminal use of a communication facility. On July 25, 2015, [Appellant] was sentenced to serve an aggregate sentence of 364 days to 729 days [of imprisonment] followed by [12] years

of probation.[1]   He received credit for the 12 days [of incarceration] he had previously served.

On July 26, 2017, a bench warrant was issued for [Appellant] due to his failure to comply with the probation and parole requirements imposed on July 27, 2015.[2]  On October 8, 2020, [Appellant] admitted to the violations and his probation was revoked.  [Appellant] was sentenced to serve one and one-half to five years in a state correctional facility [for possession of child pornography] followed by an additional [consecutive term of] six months to two years [of imprisonment for criminal use of a communication facility].  He did not file a post-sentence motion or appeal.

On October 4, 2021, [Appellant] filed a *pro se* motion for [PCRA] relief[.3]  On November 5, 2021, [PCRA counsel] was appointed to assist [Appellant] with the disposition of his PCRA claims.  On March 30, 2023, [PCRA counsel] filed an amended [PCRA petition4].  On April 25, 2023, the Commonwealth filed an answer

_____

1   More specifically, with regard to his aggregate probationary sentence, the trial court imposed "probation for a period of seven years" for possession of child pornography and a consecutive term of "probation for a period of five years" for criminal use of a communication facility.  *See* N.T., 7/25/2015, at 6-7.

2   Appellant was incarcerated in the North Fork Correctional Center in Sayre, Oklahoma.  *See* Appellant's Motion for Warrant Hearing/Dismissal of Detainer, 3/14/2019, at 1-2.

3   Appellant generally alleged that counsel appointed to represent him during the revocation proceeding was ineffective because he was appointed only one week before sentencing, quickly dismissed Appellant's alleged challenges, and never researched the case.  *See Pro Se* PCRA Petition, 10/4/2021, at 4. Although Appellant did not cite a specific case in his PCRA petition, he also alleged that his sentence was illegal based upon our 2021 Superior Court decision, presumably **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*), based upon our review of the issue presented in the amended, counseled PCRA petition.  **Id.**

4   In the amended PCRA petition, PCRA counsel alleged that Appellant "assert[ed] that he [was] serving an illegal sentence as he was still on parole, *(Footnote Continued Next Page)*

- 2 -

to [the] amended [PCRA] petition. A hearing was scheduled [] but, upon agreement of counsel, the hearing was canceled and each party filed briefs arguing their positions.

PCRA Court Opinion, 3/4/2024, at 1-2 (superfluous capitalization omitted).

On November 14, 2023, the PCRA court issued notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907, with an accompanying explanation for its decision. In its notice, the PCRA court opined there was no merit to Appellant's ineffective assistance of counsel claims and that Appellant's reliance on *Simmons* was inapplicable:

On October 8, 2020, [Appellant] admitted to violating the terms of his probation and parole requirements and his probation was revoked. At that time, the Pennsylvania Courts were following the Pennsylvania Superior Court's holding in *Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980). In *Wendowski*, the Superior Court held that a court may anticipatorily revoke an order of probation if the defendant "should commit offenses of such a nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in the subservience to the ends of justice and the best interests of the public, or the defendant[.]" *Wendowski*, *supra* at 630. *Wendowski* remained in effect until August 18, 2021, when it was overruled by the Pennsylvania Superior Court in *Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021) [(*en banc*)]. The *Simmons* Court held that a trial court cannot anticipatorily revoke a probationary order for the commission of a new crime after sentencing but before the probation period has begun. *Simmons*, *supra* at 527.

Here, [Appellant] relies on *Simmons* to support his claim. However, *Simmons* was not decided until August 18, 2021,

---

and not yet serving the probationary portion of his sentence, at the time he committed the violation which resulted in resentencing" in violation of this Court's decision *Simmons*, *supra*. Amended PCRA Petition, 4/28/2023, at ¶¶ 18 and 24, *citing Simmons*, *supra* ("A trial court may not anticipatorily revoke an order of probation when the defendant commits a new crime after sentencing, but before probation begins.").

- 3 -

approximately 10 months after [Appellant's revocation] hearing. The Superior Court has held that "where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication **up to and including any direct appeal**. *Commonwealth v. Moore*, 263 A.3d 1193, 1199 (Pa. Super. 2021) (alteration and citation omitted) (emphasis added). "[A] party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." *Commonwealth v. Chesney*, 196 A.3d 253, 257 (Pa. Super. 2018) (citation and alterations omitted) (emphasis added). Here, [Appellant] did not file a post-sentence motion or direct appeal[.] His sentence became final on November 7, 2020. Therefore, in accordance with Pennsylvania law, *Simmons* does not retroactively apply to [Appellant's] sentence. Furthermore, although [Appellant] argues that [revocation] counsel was ineffective for permitting him to admit [to,] and be sentenced on[,] probation violations in violation of *Simmons*, "it is well-settled that counsel cannot be ineffective for failing to anticipate a change in the law." *Commonwealth v. Drummond*, 285 A.3d 625, 645 (Pa. 2022) (citation omitted). [Appellant] is not entitled to relief.

Trial Court Opinion, 11/14/2023, at 6-7 (emphasis in original).

Appellant did not respond to the PCRA court's Rule 907 notice. On December 14, 2023, the PCRA court entered an order dismissing Appellant's PCRA petition. This timely *pro se* appeal resulted.[5]

---

[5] On December 18, 2023, PCRA counsel filed a motion to withdraw. Attached to the motion was a letter from Appellant dated December 3, 2023, expressing his desire to proceed *pro se*. Thereafter, Appellant filed a timely *pro se* notice of appeal on January 8, 2024. On January 22, 2024, the PCRA court held a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), subsequently permitted PCRA counsel to withdraw, and allowed Appellant to proceed *pro se*. On January 29, 2024, the PCRA court ordered Appellant to file a concise statement of errors complained on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely *pro se*. On March 4, 2024, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) which largely mirrored the rationale offered by the court in conjunction with its Rule 907 notice.

Appellant raises the following issues for our review:

I.     Whether the revocation court erred when it abused its discretion, by not following proper procedures and statutes of law, by sentencing [A]ppellant to total confinement for first-time, technical probation violations?

II.    Whether [A]ppellant's PCRA counsel violated [A]ppellant's Sixth Amendment right to effective counsel for failing to investigate points of law and [A]ppellant's ***Gagnon II***[6] counsel's ineffectiveness, during [A]ppellant's revocation hearing, and for submitting a meritless, defunct PCRA petition?

III.   Whether [A]ppellant's ***Gagnon II*** counsel violated [A]ppellant's Sixth Amendment right to effective counsel for failing to adequately prepare for trial and never objected to numerous errors committed by the revocation court, during sentencing?

Appellant's *Pro Se* Brief, at 4.[7]

---

[6] "When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a ***Gagnon I*** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a ***Gagnon II*** hearing, is required before a final revocation decision can be made." ***Commonwealth v. Ferguson***, 761 A.2d 613, 617 (Pa. Super. 2000) (internal citations omitted).

[7] We have reordered Appellant's issues for ease of discussion and disposition. Moreover, we note that on appeal, Appellant does not challenge PCRA counsel's reliance on ***Simmons*** nor does he contest the PCRA court's analysis that ***Wendowski*** was the controlling law at the time of Appellant's revocation hearing. In fact, Appellant does not cite ***Simmons*** at all in his appellate brief. Moreover, Appellant concedes that his counseled, amended PCRA petition, wherein PCRA counsel argued ***Simmons***, was without merit. ***Id.*** at 15 ("Despite the Commonwealth showing Appellant's PCRA petition lacked merit … PCRA counsel, nonetheless, submitted the now defunct, meritless PCRA petition on Appellant's behalf on June 28, 2023"); ***see also id.*** at 16 ("Why would PCRA counsel still submit a brief in defense of a meritless claim?"). As
*(Footnote Continued Next Page)*

"[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Miranda**, 317 A.3d 1070, 1075 (Pa. Super. 2024) (citation and original brackets omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Id.** (citation omitted). Appellant raises three types of errors: 1) trial court errors by the revocation court; 2) ineffective assistance of revocation counsel; and, 3) layered claims of ineffective assistance of PCRA counsel for failing to raise and

---

such, we conclude that Appellant has abandoned this claim on appeal, and it is waived. **See Commonwealth v. Rodgers**, 605 A.2d 1228, 1239 (Pa. Super. 1992) ("We must deem an issue abandoned where it has been identified on appeal but not properly developed in the appellant's brief.") (citation omitted). Regardless, our Supreme Court upheld **Simmons** in **Commonwealth v. Rosario**, 294 A.3d 338 (Pa. 2023) and concluded that a new constitutional right had not been established or that retroactive application was warranted. **See In re Donahue**, 2024 WL 2131690, at *4 (Pa. Super. 2024) (non-precedential decision) ("The Supreme Court's decision in **Rosario** turned on statutory, not constitutional, grounds and, moreover, did not hold that **Rosario** applied retroactively."). Here, the trial court revoked Appellant's parole and probation on October 8, 2020. As such, Appellant's judgment of sentence became final on Monday, November 9, 2020. **See** Pa.R.A.P. 903(a) ("[N]otice of appeal [] shall be filed within 30 days after the entry of the order from which the appeal is taken."); **see also** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any [time] period shall fall on Saturday or Sunday [] such day shall be omitted from the computation."). An *en banc* panel of this Court decided **Simmons** on August 18, 2021, almost a year after Appellant's judgment of sentence became final and, therefore, **Simmons** was inapplicable. Accordingly, while Appellant abandoned and waived this issue on appeal, it is also meritless.

- 6 -

litigate revocation counsel's ineffectiveness. We will examine these issues in turn.

We begin with Appellant's allegations of several instances of trial court error. More specifically, Appellant argues the revocation court violated his right to a speedy trial, allowed him to waive his right to a *Gagnon I* hearing without representation, abused its discretion in imposing total confinement without stating sufficient reasons, erred by considering his prior charges in Oklahoma when revoking probation, and failed to consider his character, good conduct, the circumstances of the offense, or other alternatives to prison when sentencing. Appellant's Brief at 28-48. However, Appellant has waived these issues because they could have been raised on direct appeal but were not since Appellant did not pursue an appeal. *See Commonwealth v. Bedell*, 954 A.2d 1209, 1216 (Pa. Super. 2008) (failure to raise a claim in a PCRA petition results in waiver of the claim on appeal); *see also Commonwealth v. Talley*, 236 A.3d 42, 50 (Pa. Super. 2020) (citation and original brackets omitted) (an issue raised for the first time in a Rule 1925(b) concise statement is waived because it is raised after the filing of a notice of appeal thereby depriving the trial court of the first opportunity to consider the claim); *see also* 42 Pa.C.S.A. § 9543(a)(3) (requiring the PCRA petitioner to show "[t]hat the allegation of error has not been previously litigated or waived"); *see also* 42 Pa.C.S.A. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); *see also* Pa.R.A.P.

302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Next, we address Appellant's claims centered upon the alleged ineffective assistance of counsel. Appellant raises a layered claim of ineffective assistance of counsel, arguing that PCRA counsel was ineffective for failing to raise and litigate the ineffectiveness of revocation counsel. Appellant's Brief at 19-48. Appellant claims that revocation counsel was appointed approximately 10 days before the revocation hearing and there "was little time … to get to know Appellant's charges, history, and perform sufficient research into the case." *Id.* at 19. Appellant claims that "[d]uring the course of the revocation trial, counsel never once objected to numerous errors of the revocation court, such as never objecting to the fact that [no] PSI (Pre-Sentencing Investigation) was ordered, []or that Appellant never met the standards [] for total confinement" for mere technical violations of the terms of his probation. *Id.* at 21; *id.* at 23 ("Appellant only committed technical violations of probation …[p]rimarily, failure to meet with his [p]robation [o]fficer twice, failure to report a change in address, failure to report a change in employment, and being unsuccessfully discharged from sex offender treatment.").

Appellant now challenges the performance of PCRA counsel on appeal after PCRA counsel withdrew from the case. In **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court opined "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro*

*se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (footnote omitted). The ***Bradley*** Court further determined:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.
>
> *            *            *
>
> Specifically, an appellate court will not be tasked with developing the record or acting as a court of original jurisdiction. Rather, appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record.

***Id.*** at 402 (internal quotations and citations omitted). Moreover, the ***Bradley*** Court determined Pa.R.A.P. 302(a), which provides that issues cannot be raised for the first time on appeal, does not pertain to claims of PCRA counsel ineffectiveness. ***Id.*** at 405. Here, Appellant raised and preserved his layered claim of the ineffective assistance of revocation counsel and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his *pro se* 1925(b) statement and his brief filed with this Court on appeal. ***See Commonwealth v. Parrish***, 273 A.3d 989, 1002 (Pa. 2022).

This Court has recently determined:

- 9 -

[T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

* * *

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

Additionally, counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation.

* * *

To be eligible for relief on layered claims of ineffective assistance of counsel, a petitioner must plead and prove that: (1) trial counsel was ineffective for a certain action or failure to act; and (2) subsequent counsel was ineffective for failing to raise trial counsel's ineffectiveness. As to each relevant layer of representation, a petitioner must meet all three prongs of the [] test for ineffectiveness. A failure to satisfy any of the three prongs [] requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of subsequent counsel.

Thus, if the petitioner cannot prove the underlying claim of trial counsel ineffectiveness, then petitioner's derivative claim of subsequent counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of the [ineffectiveness] test, *i.e.*, the reasonable basis and prejudice prongs as applied to subsequent counsel.

- 10 -

*Commonwealth v. Dickerson*, 2024 WL 3372629, at *3 (Pa. Super. 2024)

(non-precedential decision)[8] (internal citations, quotations, and original

brackets omitted).

Furthermore, we adhere to the following legal principles:

We review an order revoking probation for an abuse of discretion. Our scope of review is limited to reviewing whether the reason for the revocation proceeding is valid, the legality of the sentence, and the discretionary aspects of sentencing.

This Court has discussed the reasons supporting our deferential standard of review of sentences imposed following revocation of probation:

A trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and

---

[8] *See* Pa.R.A.P. 126(b) (we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

> to cabin its discretionary sentencing authority properly are involved and play a crucial role.
>
> However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by [42 Pa.C.S.A. §] 9721(b)'s requirement that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

Upon revoking probation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Moreover, 42 Pa.C.S.A. § 9721(b) specifies that in every case following the revocation of probation, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply

- 12 -

> put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where the trial judge had the benefit of a presentence investigation ("PSI") report during the initial sentencing proceedings.
>
> Furthermore, technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate a resistance to reform.

***Commonwealth v. Rivera***, 301 A.3d 932 (Pa. Super. 2023) (non-precedential decision) (internal quotations, original brackets, and most citations omitted).

Here, the revocation judge was the same judge who initially sentenced Appellant. At the original time of sentencing, the trial court had the benefit of a PSI report. ***See*** N.T., 7/27/2015, at 5. As such, the revocation court was already fully informed as to the facts and circumstances of both the crime and Appellant's nature. At the revocation hearing, Appellant fully accepted responsibility for violating the terms of his probation. N.T., 10/8/2020, at 3-4. In imposing a sentence of total confinement, the trial court stated on the record:

> All right. Well, one of the things that is troubling about the case is the nature of the violations because they, for the most part, all reflect on the special types of rules and considerations that are taken into account in cases involving sexual offender rules, and to participate in treatment.

***Id.*** at 5.

Upon review, we conclude that the record before us is clear and sufficient to allow for disposition of Appellant's newly raised ineffectiveness claims. For the reasons that follow, Appellant is not entitled to relief for his layered ineffectiveness claims and no purpose would be served by a remand. The revocation court properly determined that a new PSI report was not warranted where it was already fully informed as to the facts and circumstances of this case at the original time of sentencing. Moreover, Appellant's technical probation violations supported revocation and a sentence of incarceration because the violations were flagrant and indicated a resistance to reform. Appellant absconded to Oklahoma and admittedly failed to comply with Pennsylvania's sexual offender rules and reporting requirements and did not participate in treatment as his probation required. Although it did not engage in a lengthy discourse, the trial court disclosed in open court at the time of sentencing a statement of the reasons for the revocation sentence imposed. The trial court indicated it was troubled by Appellant's conduct, that his probation violations were flagrant, and total incarceration was necessary because Appellant resisted reform. Accordingly, there is no merit to Appellant's underlying claim that trial counsel was ineffective for failing to request a PSI report or objecting to a sentence of total confinement for technical violations of probation. As such, there is also no merit to Appellant's layered claim of PCRA counsel ineffectiveness.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/28/2024